### Ben Kiam v. W. B. Turner.

#### Decided June 15, 1899.

**1. Real Estate Broker—Commissions.**

Where a broker was engaged, for a special per cent of the amount involved in the transaction, to negotiate for defendant a purchase on certain stipulated terms, and the owner of the property did not accept those terms, but proposed others which were not acceded to by the defendant, the broker was not entitled to the commission.

**2. Same—New Terms Accepted.**

If, however, the defendant accepted the new and different terms proposed by the owner and afterward refused to consummate the transaction, the broker would be entitled to his commission, unless defendant had reserved the absolute right to approve or reject any contract for the purchase of the property that might be proposed.

Error from Harris. Tried below before Hon. John G. Tod.

*J. M. Coleman,* for plaintiff in error.

*Goldsmith & Moody* and *E. P. Turner,* for defendant in error.

PLEASANTS, Associate Justice.—This suit was instituted by appellant against appellee, to recover of the latter an alleged indebtedness of $5200. The nature of the litigation is shown in the following excerpts from the plaintiff's amended original petition, filed March 16, 1897:

"On or about October 26, 1894, defendant engaged plaintiff as agent to negotiate for him a loan of money, agreeing to give plaintiff for said services 8 per cent commission on the amount of said loan, defendant agreeing to give a deed of trust on all his right, title, and interest in any lands or other property under the last will of W. R. Baker, deceased, to secure the payment of said loan.

"It appearing impracticable to secure said loan, defendant employed and instructed plaintiff, upon the same terms of compensation, to purchase for him, plaintiff, certain improved rent-bearing property, whereby he, defendant might receive a regular income; and in pursuance to said

last agreement plaintiff negotiated for a purchase of certain lots situated at the northwest corner of Milam and Prairie streets, in Houston, Texas, having thereon valuable improvements and such as would yield sufficient rental to give defendant an ample income.

"That said property was in every respect satisfactory to defendant, who was well acquainted therewith, and in furtherance of said negotiation the defendant gave to plaintiff in writing his stipulations of the terms upon which he was willing to purchase it, among other things that he, defendant, would pay its owner, J. C. League, $65,000 therefor, defendant giving League his notes for said amount at 10 per cent interest per annum, principal and interest payable on or before nine years, the same meaning payable ninety days after defendant should come into possession of the estate of W. R. Baker. The defendant agreeing further to give League a deed of trust on his said property to secure payment of notes, as also upon his contingent interest in the estate left by W. R. Baker, deceased, also agreeing to give League the paid-up insurance on his life, in favor of said League, to cover the amount of loan and interest.

"That said proposition plaintiff was instructed to submit to League with a view to securing said premises from him, and in pursuance thereof plaintiff succeeded in getting League to accede to all of said terms and conditions, and in finally consummating said purchase in so far as it was possible for plaintiff and said League to do so, and it only remained for defendant to receive the deed from League, which League was ready, willing, and able to give him, and for defendant to do the things agreed and stipulated by him in his said proposition.

"That League stood ready, willing, and able to close up and finally consummate said sale and purchase, and although this fact was well known to defendant, he failed and refused upon demand to carry out the terms of said agreement. That plaintiff had faithfully performed the services for which he was employed by defendant, which, according to said agreement between plaintiff and defendant, were to be paid for by defendant at the rate of 8 per cent on the amount of such purchase, which commission amounted to $5200.

"That defendant well knew that under said employment plaintiff was performing said services, and in every manner ratified and confirmed same. That the services so performed by plaintiff were the same as if said transaction had been finally closed and consummated, and were reasonably worth the sum of 8 per cent on the amount of said purchase. The failure to finally close and consummate said purchase was owing entirely to the willful refusal upon the part of defendant to do so."

The defendant answered the plaintiff's suit by exceptions, by general denial, and by special answer, and in the same, among other things, the following averments are made: "That about January 1, 1895, plaintiff approached defendant with many professions of friendship for him and interest in his welfare, and thereby succeeded in gaining defendant's confidence, and thereupon plaintiff represented to defendant

that it would be exceedingly advantageous to defendant to purchase from J. C. League, of Galveston, for a certain price, and upon terms and conditions suggested by plaintiff, certain improved real estate in Houston, on the northwest corner of Milam and Prairie streets; and that relying upon said representations, defendant was induced to submit in writing, at the request of plaintiff, to League, a proposition to purchase said property at said price and terms named by plaintiff; and that plaintiff afterwards reported that League had agreed to sell said property to defendant, and submitted to defendant certain instruments setting forth the terms and conditions upon which League proposed to sell the property, which terms and conditions were materially different from those suggested by plaintiff to defendant, and upon which defendant proposed to buy, and which he submitted to League; and that afterwards, about February 20, 1895, defendant met in plaintiff's office the plaintiff and said League, who endeavored to persuade defendant to agree to the terms and conditions proposed by League, and that it became evident, by plaintiff's conduct on said occasion, that he was acting in collusion with League and in hostility to defendant's interest; that the proposed trade, so far from being an equitable one, was unfair and greatly to the disadvantage of defendant, and he declined to accede to the terms and conditions proposed by Mr. League. Among those terms and conditions, and differing from those submitted by him, at the instance of plaintiff, to League, were these: That the possession, control, and management of the property should be vested in a trustee, selected by the vendor, who should rent the property, collect the rents out of same, pay all taxes due on the property, assessments for street improvements, sewerage, and other municipal charges, and repairs, insurance, and interest; and if there should be any balance left out of said rents to pay same to defendant; and that defendant should have no possession or control or management of the property. That defendant was induced by plaintiff to sign a memorandum of agreement whereby he agreed to pay plaintiff a certain per centage on whatever deal defendant might make with J. C. League, out of the proceeds of said deal; and defendant further avers that no deal was made by him with said League, and that there were no proceeds from any deal with League."

The answer further averred that not only were the alleged services of plaintiff of no value to him, but had he yielded to the solicitations of plaintiff and accepted the terms and conditions sought to be imposed on him by the owner of said property, he would have been damaged many thousand dollars. The answer further avers that the memorandums signed by him and mentioned by him, as well as the trust deed and note which plaintiff endeavored to induce defendant to sign, were in the possession of the plaintiff.

In replication to defendant's answer plaintiff alleged that the terms and conditions, reduced to writing and signed by the defendant, upon which he proposed to buy said property described in defendant's answer, were submitted by plaintiff to League and by him accepted, and that a

deed was prepared to be executed by said League conveying said property to defendant, and which the said League was willing and ready to execute, and which was not executed only because the said defendant refused to consummate the deal, which deed is filed as an exhibit and marked "A," and made a part of the petition; and that a deed of trust and note were also prepared to be executed by the defendant at the time of the execution of the deed of conveyance by League, which said deed of trust and note League was ready and willing to accept; which deed of trust and note are filed as exhibits "B" and "C," and are made parts of said supplemental petition. That in truth and in fact there was no variation between the propositions submitted by the defendant to League and the said deed of trust and note; that the said deed of trust and note were finally agreed upon by the parties respectively, J. C. League and defendant W. B. Turner, as instruments to be executed to finally consummate said deal, and were the results of the services of plaintiff in the line of his employment as alleged in his first amended original petition; and his services were thereby complete, and nothing remained to be done to consummate said transaction save and except the execution of said papers, and the consummation of said deal was, as before alleged, only defeated by the willful refusal of the defendant to execute the said deed of trust and said note. Plaintiff denied all and singular the defendant's allegations of fraud and unfair dealing.

Defendant by first amended supplemental answer, excepted to plaintiff's supplemental petition, and also denied each and every allegation in said first supplemental petition contained. The case was tried April 14, 1898, and resulted in a verdict and judgment for the defendant, and new trial being refused him, plaintiff appealed to this court.

After due consideration of the pleadings and the evidence, assisted by the briefs of counsel, we are of the opinion that the judgment should be affirmed.

The first, second, and third assignments of error are as follows:

"First assignment: The court erred in giving the following charge: 'That if from the evidence the jury believes that League would not sell the real estate upon the terms and conditions stipulated by the defendant, but proposed a sale thereof upon other and different terms and conditions, which were never accepted by the defendant, then the plaintiff can not recover.'

"Second assignment: The court erred in giving the following charge: 'That if from the evidence the jury believe that League would not sell the real estate upon the terms and conditions stipulated by the defendant, but proposed a sale thereof upon other and different terms and conditions, that the defendant accepted same and agreed to purchase the real estate from League upon such other and different terms and conditions proposed by him, and that the defendant refused to complete the purchase of said real estate, then the plaintiff is entitled to recover.'

"Third assignment: The court erred in not charging the jury in conformity with the issues raised by the pleadings in the case."

The first proposition submitted under these three assignments made by counsel for appellant may be correct in the abstract, but it is not applicable to this case. The plaintiff alleged that the defendant proposed to buy property from J. C. League for a certain price and upon certain terms and conditions, and that said League accepted the defendant's offer, and agreed to sell the property upon the terms and conditions named by defendant in his proposition to purchase; this the defendant denied, and distinctly alleged that his terms were not accepted, and that League agreed to sell on other and different terms and conditions than those named by the defendant in his offer to purchase the property; and the difference in these terms and conditions is pointed out by defendant in his answer. The plaintiff, as is seen from the pleadings, also alleged in substance that if the terms and conditions of the sale as proposed by League were in fact different, which he denied to be the case, from those named by defendant in his offer to buy, they were finally agreed to by defendant, and he afterwards willfully refused to consummate the trade; and this was denied by defendant. There was evidence tending to sustain the averments made by both the plaintiff and the defendant; and we can see, therefore, no error in the charge complained of under the appellant's first assignment of error. The jury are correctly instructed, that if the terms and conditions upon which League agreed to sell the property were materially different from those upon which defendant offered to purchase the property, and that the terms and conditions proposed by League were not accepted by defendant, plaintiff could not recover, while in the charge challenged by appellant under the second assignment, the jury are told that if the terms and conditions of the sale proposed by League to the defendant were different from those submitted by defendant in his offer to buy, yet if the defendant, notwithstanding the difference between his terms and conditions and those proposed by League, accepted League's terms and conditions, and agreed to purchase the property, and afterwards refused to consummate the deal, the plaintiff should recover. We see nothing in this charge of which appellant can complain, and the criticisms upon the two charges by counsel are, in our judgment, unwarranted. We can see in neither the injectment, nor an attempt to inject, into the case an issue not presented by the pleadings.

The fourth assignment of error assails the action of the court in giving at the request of appellee the following charge:

"The court instructs the jury that if they believe from the evidence that whatever services plaintiff may have performed for defendant, and for which recovery is sought in this suit, were performed under a contract between plaintiff and defendant, in which it was stipulated that plaintiff's compensation for such services should be a certain percentage of whatever deal defendant might make with J. C. League, provided such deal was consummated, out of the proceeds of such deal, then their verdict should be for the defendant, even though they should further believe from the evidence that the failure to consummate such deal was

due entirely to defendant's willful refusal; and regardless of what they may believe from the evidence to have been the cause of such failure to consummate such deal." The ground of this assault upon this charge is, that there was no pleading to authorize it. The defendant, the appellee here, in his first amended original answer, makes this averment: "That plaintiff induced and persuaded him to sign a memorandum of agreement whereby he agreed to pay plaintiff a certain percentage on whatever deal defendant might make with J. C. League out of the proceeds of said deal; and defendant further shows that no deal was made by him with said League, and that there were no proceeds from any deal with said League."

This memoradum, defendant charged, was in the possession of the plaintiff, and the latter was notified to produce it. It seems not to have been produced, but the defendant testified positively to such an agreement between him and the plaintiff, and there is testimony besides defendant's tending to show that there was another agreement between the parties reduced to writing and delivered to the plaintiff, than the written agreement between them and which was put in evidence, appointing the plaintiff the defendant's agent for the negotiation of a loan, and providing for his compensation in case the loan should be effected. The plaintiff himself testified that this contract was the same as that by which he was engaged by defendant to make the purchase from League, except that the one was to procure a loan of money and the other to effect a purchase of real property producing rents, the purpose of the defendant being the same, both as to the loan and to the purchase, to wit, to supply him with a sufficient income until he should come into possession of the large estate devised him by his deceased grandfather. Now the contract between the plaintiff and defendant for securing a loan for the latter by the agency of the former, by its terms would seem to give the defendant the right to reject any loan which the plaintiff might effect, and to give the plaintiff the right to recover his commission stipulated for in the contract only in case the defendant should approve the terms and conditions of the loan and consummate the same. But whether this be the correct interpretation of such contract or not, we think the averment in the pleading of defendant above cited, an averment which was not excepted to, and the positive testimony of the defendant to the effect that the plaintiff was only entitled to compensation out of the proceeds of the deal with League; and that the defendant expressly reserved to himself the absolute right to approve or to reject any contract for the purchase of the property which might be agreed on by plaintiff and League, and the refusal of the defendant to consummate the deal with League, required the court to give the charge complained of.

*Affirmed.*

Writ of error refused.