ANDREW VOLKER

*v.*

FANNIE N. FISK and NICHOLAS FORNAROTTO.

[Decided April 6th, 1909.]

1. A real estate agent is not entitled to commissions on an invalid sale.

2. A vendor of land, who has been compelled by a decree avoiding the sale to repay the commissions paid directly to his agent by the purchaser as a part of the consideration, can recover them from the agent; the payment being compulsory and not voluntary.

3. One who has been compelled to pay money on a liability from which a third person ought to have relieved him by paying the amount can recover it from the latter in *assumpsit;* a request for repayment being implied.

4. A vendor of land, who has been compelled by a decree avoiding the sale to repay the commissions paid directly to his agent by the purchaser as a part of the consideration, being entitled to recover them from the agent in *assumpsit*, is not entitled to relief in equity by subrogation to the rights which the purchaser had, but did not urge against the agent.

---

Heard on demurrer to bill.

*Mr. Frank Benjamin,* for the complainant.

*Messrs. Lambert & Stewart,* for the defendant Fannie N. Fisk.

WALKER, V. C.

The bill alleges that the complainant, being the owner of certain real estate, entered into an oral agreement with the defend-

32

ant Mrs. Fisk, to sell the same for $5,700 or any greater sum, and that she should retain for her own use all purchase-money in excess of that sum; that she procured the defendant Fornarotto to purchase the premises for $6,000, and that he paid and secured the consideration money and gave his note for $300 to her for her commissions, and paid the note to her at maturity; that subsequently, and after payment of the note, the defendant Fornarotto repudiated the sale on the ground of infancy and brought suit in this court against the present complainant for rescission of the contract, which was decreed, the deed declared void, and the complainant was compelled to repay to Fornarotto the purchase price of $6,000, which included the $300 paid by him directly to Mrs. Fisk. The prayer is that the agreement between the complainant and defendant Mrs. Fisk may be decreed to be void and that he may be subrogated to the rights Fornarotto had to recover the said sum of $300 from her, and that she be decreed to pay it to him, Volker. The defendant Fornarotto filed a disclaimer, and is not represented.

The defendant Mrs. Fisk demurred to the bill for want of equity generally, and specifically because the complainant asks for a decree for the repayment of a liquidated sum of money, which demand, it is alleged, is cognizable in a court of law.

As already seen, the entire consideration passing from Fornarotto to the complainant was $6,000, which included the commissions of $300 paid directly to the defendant Mrs. Fisk by the defendant Fornarotto, and this entire sum the complainant was obliged to pay back to Fornarotto under the decree of this court, which avoided the sale. The defendant Mrs. Fisk was the complainant's agent and cannot stand in any better position toward the purchaser, Fornarotto, than her principal, for whom she negotiated the sale. Her commissions could have been earned only upon negotiating a valid, not an invalid, sale.

In *Courier* v. *Lydecker*, *71 N. J. Law* (*42 Vr.*) *511,* it was held that the condition upon which a broker earns a commission is that he shall obtain a sale. That, of course, means a valid sale. In this case it is as though no sale had been made, and the transaction must be so treated. An invalid sale is practically no sale. This being so, Mrs. Fisk never earned a commission.

It was as a fact paid to her on a sale which was afterwards avoided, and she cannot retain an advantage resulting from her unavailing effort.

*Wood* v. *Sheldon, 42 N. J. Law (13 Vr.) 421,* is a pointed authority to the effect that sales made through brokers, which are avoided because of some element of illegality, are cases in which the purchase-money can be recovered because of failure of consideration.

The complainant has been obliged to repay to the defendant Fornarotto these commissions, which were included in the consideration moving to him upon the sale, and therefore the payment was not voluntary, but compulsory. Hence, the complainant is entitled to a recovery of the amount of the commissions from Mrs. Fisk, and the remaining question is, is he entitled to this recovery in this court or must he be relegated to a court of law.

According to the terms of the contract the payment of the commissions was made directly from the defendant Fornarotto to the defendant Mrs. Fisk, who was the agent of the complainant in this cause. The defendant Fornarotto had the right to pursue Mrs. Fisk for the commissions he paid her on the avoided sale. He chose not to do so, but to recover them from the complainant as part of the consideration paid. That Mrs. Fisk was not a party to the suit between Fornarotto and the complainant for the rescission of the sale makes no difference. If she had been a party to the suit between the principals she could have been decreed to repay to Fornarotto in that suit the $300 which she received, and any defence she might have had in that suit would be available to her in this suit. There was no decree for or against her there, and there is no record that binds either party here.

In *Shinn* v. *Budd, 14 N. J. Eq. (1 McCart.) 234,* Chancellor Green held that where a person is compelled to pay the debt of a third party to protect his own rights, a court of equity substitutes him in the place of a creditor as a matter of course, without any agreement to that effect. Now, as the complainant was compelled by the decree of this court to repay to Fornarotto the $300 he paid to Mrs. Fisk, as commissions upon the avoided sale,

the complainant would be entitled to be subrogated to the rights which Fornarotto had, but did not urge, against Mrs. Fisk, if the complainant could not sue Mrs. Fisk at law for want of a contract express or implied between them, as to the payment by her to him of the commissions she received from Fornarotto. But it is clear to me that the complainant has a perfect cause for action in a court of law against Mrs. Fisk to recover the money in the equitable action of *assumpsit* for money paid, upon an implied contract.

Mr. Chitty says the count for money paid is supported if the payment were made at the express or implied request of the defendant, and that it is clear that if money be paid by a person in consequence of a legal liability to which he is subject, but from which a third person ought to have relieved him by paying the amount, a request will be implied. *1 Chit. Pl. 351.*

Surely the complainant was under a legal liability to pay Fornarotto the $300 and that liability was cast upon him by the decree of this court. Just as surely Mrs. Fisk ought to have relieved him from the burden by paying the amount herself. *Ergo,* the law implies that the complainant has made the payment at the request of Mrs. Fisk, and therefore he can recover the amount from her in *assumpsit.*

Chancellor Walworth speaking for the court of errors of New York, in *Hunt* v. *Amidon, 4 Hill 345,* remarked that courts of law long since fell in love with a part of the jurisdiction of the court of chancery, and substituted the equitable remedy of an action of *assumpsit* upon the common money counts for the more dilatory proceeding by bill in equity in certain cases.

There is no need of subrogation to enable the complainant to recover. His claim is not grounded upon fraud nor does it involve any other principle of equity jurisprudence, and, because he has an adequate remedy at law, the demurrer must be sustained. The defendant is entitled to costs.