SIEGFRIED LESCHZINER ET AL., TRADING, &c., PLAINT-
IFFS IN ERROR, v. HENRY L. BAUMAN, DEFENDANT
IN ERROR.

Argued June 28, 1912—Decided November 18, 1912.

A contract with real estate brokers for the payment of a commission
for the sale of certain real estate, to be paid "on the day of pass-
ing title or July 15th," is a contract based upon the contingency
of the sale of the property and the passing of title to the pur-
chaser procured by the agents. In the absence of proof of the
fulfillment of that contingency, a direction of a verdict for the
defendant *held* proper.

On error to the Essex Circuit Court.

For the plaintiffs in error, *Peirce & Hoover.*

For the defendant in error, *Lum, Tamblyn & Colyer.*

The opinion of the court was delivered by

MINTURN, J. The contract between the parties to this liti-
gation reads as follows:

"I herewith agree to pay to S. Leschziner & Company a
commission of $1,250 on the day of passing title, or July
15th, for the sale of the Rudolph, Stella, Caroline and Cres-
cent apartment-houses to the Home Coupon Exchange Com-
pany. H. C. Bauman."

In directing a verdict for the defendant at the close of the
case the learned trial court said:

"The question reduces itself to a simple matter of construc-
tion whether this agreement to pay a commission on the day
of passing title or July 15th, for the sale of this property, is
an agreement conditional on the passing of the title on that
day."

The difficulties surmounting the construction of the agree-
ment arise from the fact that the property in question was not

sold, but that on the day of the execution of the agreement, another agreement for the exchange of properties was entered into between the defendant and the Home Coupon Exchange Company, which ultimately failed of fruition because that company was unable to furnish a marketable title to the defendant of the premises which it had agreed to exchange. The plaintiffs not having made sale of the premises, and the proposed exchange having failed for valid reasons, the concrete inquiry thus presented is whether, under such circumstances, the plaintiffs are entitled to recover under their agreement.

It will be observed that the agreement is based upon two assumptions as conditions precedent to its enforcement. The first is that title shall pass, and the second that there shall be a sale of the defendant's apartment-houses to the Home Coupon Exchange Company. The fact is conceded that title did not pass, and the record of the case presents no question for us to consider as to the *bona. fide* character of the objections that were urged and resulted in its failure to pass. It is also conceded that there was no sale of the property in the ordinary mercantile sense in which that term is used in such agreements, and according to which we are bound to construe the language of the contract. These being the facts as presented by the record, it is difficult to perceive in what essential respect the case at bar can be differentiated so as to eliminate it from the rule laid down in *Hinds* v. *Henry,* 7 *Vroom* 328. In that case, Mr. Justice Depue, speaking for the Supreme Court, and reviewing the authorities upon the subject, held the rule to be that "the broker may also by special agreement with his principal so contract as to make his compensation dependent on a contingency which his efforts cannot control, even though it relate to the acts of his principal. A contract of that character is binding, and no action can be maintained until the contingency has arisen." The doctrine of that case has provided the rule of conduct and adjudication in this state for nearly forty years. In varying phases of fact, it has been followed or distinguished as the reason of the rule would seem to warrant, but the underlying principle of the case is based·

upon the fundamental theory of contractual law, that parties may make their contracts to depend upon such conditions and contingencies as to them may seem suitable, and not violative of any legal rule, and that they are binding accordingly in a court of law.

The cases of Dresser *v.* Gilbert, to be reported, and *Rauchwanger v. Katzen,* 53 *Vroom* 339, in the Supreme Court, are readily distinguishable upon the facts, and in both cases the rule applied in Hinds *v.* Henry was recognized and applied. In the former case the owner agreed to pay the agent when the former's farm was sold, regardless of the procuring agency of sale. The contingency there was the fact of sale, and that having arisen, quite manifestly the rule became applicable. In the latter case the owner had it in his power to fix a time for settlement, after the agent had undeniably performed his part of the contract, but refused to do so, and Hinds *v.* Henry was invoked to justify his wrong-doing. The court, however, upon the doctrine involved in the maxim *actus legis nemini facit injuriam* (*Milbourn* v. *Ewart,* 5 *T. R.* 381), held that since it was within the power of the principal to fix the date of settlement, the rule of legal construction which has for its fundamental purpose the ascertainment of the intent of the parties, could not be held to assist a wrong-doer in escaping a just liability by reason of his own unreasonable act in refusing to fix a period of settlement which the very instrument sued upon contemplated would be fixed by him.

In *Courter* v. *Lydecker,* 42 *Vroom* 511, Mr. Justice Reed, applying the rule in the Supreme Court, said: "The condition in all such employments is that the broker shall obtain a sale. The broker's right to recover compensation in such cases is dependent upon his obtaining a sale. His right to commissions by the terms of the present contract is in express words dependent upon his obtaining a sale."

In *Volker* v. *Fisk,* 5 *Buch.* 498, the present Chancellor, construing such an oral agreement, said: "Her [the agent's] commissions could have been earned only upon negotiating a valid, not an invalid sale."

When it is recalled that the rule laid down in Hinds *v.* Henry contains as one of its essential elements the fact of the ability of the purchaser to conclude the bargain upon the terms of the proposed contract, it becomes at once manifest that the commissions of a broker cannot be considered as earned where by reason of the inability of the proposed purchaser to conclude the sale by taking title to the premises, the entire transaction fails, and no sale in fact takes place. Such was the posture of affairs in the case at bar; and if the controversy here be determinable upon that ground, resulting from the inability of the proposed purchaser to fulfill his contract, it is difficult to perceive upon what legal theory of liability the plaintiffs can sustain their case.

Upon the other hand, the language of the contract makes it manifest that until title shall have passed, as the result of a sale to the proposed purchaser, the contingency or condition upon which the legal right to a claim for commissions is based has not arisen, and upon this aspect of the case Hinds *v.* Henry is controlling, and presents the legal rule which justifies the direction at the Circuit.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 13.

*For reversal*—None.