R. A. CROWELL v. J. M. PARKER ET AL.

(Filed 1 May, 1918.)

**Evidence—Conspiracy—Commissions—Principal and Agent—Vendor and Purchaser.**

Evidence in this case held sufficient to sustain a verdict and judgment in plaintiff's favor that he was entitled to his agreed commissions on sale of land of which he had been deprived by a conspiracy between the vendor and his purchaser.

APPEAL by defendant from *Long, J.,* at the October Term, 1917, of STANLY.

This is an action to recover commissions for the sale of land or damages in lieu thereof.

The facts are fully reported on the former appeal in this action, 171 N. C., 392. The jury returned the following verdict:

1. Did the defendant Parker execute and deliver to the plaintiff the contract marked "Exhibit A," as alleged in the complaint? Answer: "Yes." (Answered by consent.)

2. Did the defendant Parker, without the knowledge of plaintiff, make the contract to sell the land to Shirey and Cook, before the expiration of the contract between Crowell and Parker? Answer: "Yes." (Answered by consent.)

3. Was Shirey ready, able, and willing to buy the land and pay therefor $5,000, as alleged in the complaint? Answer: "No."

4. Was the defendant Parker enabled to make the contract he made with Shirey and Cook to sell the land to them for $4,500 by reason of the efforts, influence, advertisement, or personal solicitation of plaintiff? Answer: "Yes."

4½. Did Parker waive the provisions of the contract that the lands should be sold for $5,000? Answer: "Yes."

5. Were Shirey and Cook ready, able, and willing to comply with the terms of the trade as made with them for $4,500? Answer: "Yes."

6. Did the defendants Parker and Shirey conspire together to make a contract to sell at the price of $4,500 instead of $5,000, for the purpose and with the intention of defeating the plaintiff of his commissions of $500, as alleged in the complaint? Answer: "Yes."

7. What amount, if any, is the defendant Parker indebted to the plaintiff? Answer: "$450."

8. What amount, if any, is the defendant Shirey indebted to the plaintiff? Answer: "$450."

Judgment was entered in favor of the plaintiff and the defendants excepted and appealed.

*R. A. Brown and J. A. Spence for plaintiff.*
*R. L. Smith and Manly, Hendren & Womble for defendants.*

PER CURIAM: The principal exception of the defendants is that there was not sufficient evidence to support the findings of the jury, but upon an examination of the record we are of opinion there was evidence, direct and circumstantial, sustaining the verdict, and that there is no reversible error.

The action has been tried in accordance with the former opinion.

No error.