## FRANK F. JONES v. PALACE REALTY COMPANY.

(Filed 1 May, 1946.)

**1. Contracts § 8—**

　　If there be no dispute in respect of the terms of a contract, and they are plain and unambiguous, there is no room for construction. The contract is to be interpreted as written.

**2. Same—**

　　If the words employed in a contract are capable of more than one meaning, the meaning to be given is that which it is apparent the parties intended them to have, and the practical interpretation of the agreement by the parties *ante litem motam* will control.

**3. Same—**

　　An ambiguity in a written contract is to be inclined against the party who prepared the writing.

**4. Contracts §§ 10, 11b—**

　　The general rule is to the effect that the use of such words as "when," "after," "as soon as," and the like, gives clear indication that a promise is not to be performed except upon the happening of a stated event, and it can make no difference whether the event be called a contingency or the

time of performance, since in neither case may performance be exacted unless or until the event transpires.

5. **Brokers § 11—Agreement to pay commissions "when the deal is closed . . . out of the sale price" is enforceable only upon consummation of sale.**

This action was instituted to recover brokerage commissions based upon an agreement set forth in a letter written by plaintiff broker which stated that the commissions were to be paid "when the deal is closed up . . . out of the sale price." The evidence tended to show that plaintiff procured a purchaser who contracted to buy at a price agreed, but that the sale was not consummated because the purchaser thereafter became financially unable to comply. *Held:* The contract is to be interpreted as written, and under its terms the broker is not entitled to recover commissions upon the facts and judgment of nonsuit was proper, there being no evidence to support plaintiff's contention that the failure to close the deal was due to defendant's own default or his contention of waiver.

APPEAL by plaintiff from *Bobbitt, J.,* at November Extra Term, 1945, of MECKLENBURG.

Civil action by broker to recover commission for procuring purchaser ready, able and willing to buy land on terms authorized.

The plaintiff is a licensed real estate broker in the City of Charlotte. In August, 1944, he was given the exclusive right, for thirty days, to sell the old Charlotte Sanatorium property at a price satisfactory to the owner—commission to be paid "out of the proceeds." On 1 September, 1944, the plaintiff prepared a letter for signature by the Palace Realty Company, addressed to Mr. U. A. Zimmerman, in which the owner agreed to sell to the addressee the Sanatorium property at a price of $100,000— "Deed to be made up at once, and the transaction to be finally closed up soon as your attorney investigates title to the property."

This letter concludes with the statement: "When the deal is closed up we will pay Frank F. Jones his commission of 5% . . . out of the sale price of the property."

Following the signature of the Palace Realty Company by A. M. Whisnant, President, appears the acceptance in writing by U. A. Zimmerman, and also the signature of Frank F. Jones, agent for Palace Realty Company.

Negotiations ensued looking to a consummation of the sale, but on 18 October, 1944, large Federal tax liens were levied against U. A. Zimmerman in consequence of which he "became unable to comply with his contract." The deal, therefore, was never "closed up" and the purchase price never paid.

In his testimony the plaintiff says: "The Palace Realty Company has never given me a commission for the sale of this property. I waited for

weeks and weeks for him (Dr. Whisnant) to close it up. I didn't want to make any demand on him for my commission until it was closed up."

From judgment of nonsuit entered at the close of all the evidence, the plaintiff appeals, assigning errors.

*Taliaferro & Clarkson and Joseph W. Grier, Jr., for plaintiff, appellant.*

*Robinson & Jones for defendant, appellee.*

STACY, C. J. The question for decision is whether the promise to pay the plaintiff's commission, as set out in the letter of 1 September, 1944, from Palace Realty Company to U. A. Zimmerman, binds the defendant absolutely or conditionally. The trial court interpreted the stipulation as a promise to pay plaintiff's commission "when"—and only when—"the deal is closed up," and then "out of the sale price of the property." The view seems to accord with the terms of the agreement as prepared by the plaintiff. Anno. 20 A. L. R., 289.

It will be noted the judgment of nonsuit is grounded on the special contract, prepared by plaintiff, where the sale failed because of the inability of the purchaser procured by the broker to complete it. *Watson v. Odell,* 58 Utah, 276, 198 Pac., 772, 20 A. L. R., 280. The case is not like the usual broker's action where a responsible purchaser is procured by his efforts under a general contract, express or implied. *White v. Pleasants,* 225 N. C., 760; *Lindsey v. Speight,* 224 N. C., 453, 31 S. E. (2d), 371; Anno. 73 A. L. R., 926. Nor is it an instance where the sale failed of consummation because of some default on the part of the owner. *Colvin v. Post Mtg. & Land Co.,* 225 N. Y., 510, 122 N. E., 454.

The heart of a contract is the intention of the parties. *Bank v. Page,* 206 N. C., 18, 173 S. E., 312; 12 Am. Jur., 760. This intention is to be gathered from the entire instrument, viewing it from its four corners. *Krites v. Plott,* 222 N. C., 679, 24 S. E. (2d), 531; *Simmons v. Groom,* 167 N. C., 271, 83 S. E., 471; *Whitley v. Arenson,* 219 N. C., 121, 12 S. E. (2d), 906. If there be no dispute in respect of the terms of the contract, and they are plain and unambiguous, there is no room for construction. The contract is to be interpreted as written. *Potato Co. v. Jenette,* 172 N. C., 1, 89 S. E., 791. "If the words employed are capable of more than one meaning, the meaning to be given is that which it is apparent the parties intended them to have." *King v. Davis,* 190 N. C., 737, 130 S. E., 707. It is also a rule of construction that an ambiguity in a written contract is to be inclined against the party who prepared the writing. *Wilkie v. Ins. Co.,* 146 N. C., 513, 60 S. E., 427. Then, too, the *ante litem motam* practical interpretation of the parties is a safe guide in the interpretation of contracts. *Cole v. Fibre Co.,* 200 N. C.,

484, 157 S. E., 857. The present case stands or falls on the proper construction of the written agreement between the parties. *Jones v. Casstevens,* 222 N. C., 411, 23 S. E. (2d), 303.

The plaintiff takes the position that when he procured a purchaser ready, able and willing to buy the property on terms satisfactory to the owner and a binding contract of sale was entered into, "his commission" was thereupon earned, and the stipulation that it should be paid "when the deal is closed up" has reference to the time of payment rather than to the happening of an event upon which its payment would depend. *Crowell v. Parker,* 171 N. C., 392, 88 S. E., 497; *S. c.,* 175 N. C., 717, 95 S. E., 188; *Harrison v. Brown,* 222 N. C., 610, 27 S. E. (2d), 470; Anno. 51 A. L. R., 1390. To this the defendant replies, "such might have been the contract, but it is not so nominated in the special agreement."

It can make no difference whether the event be called a contingency or the time of performance. Certainly, under either construction, the result would be the same; since, if the event does not befall, or a time coincident with the happening of the event does not arrive, in neither case may performance be exacted. Nor will it do to say that a promise to pay "when the deal is closed up" is a promise to pay when it ought to be closed up according to the terms of the contract. Such is not the meaning of the words used. It is the event itself, and not the date of its expected or contemplated happening, that makes the promise to pay performable. *Amies v. Wesnofske,* 255 N. Y., 156, 174 N. E., 436, 73 A. L. R., 918.

The weight of authority is to the effect that the use of such words as "when," "after," "as soon as," and the like, gives clear indication that a promise is not to be performed except upon the happening of a stated event. 12 Am. Jur., 849. It has been held that promises to pay commissions to brokers, for the procurement of sales of real estate, are conditional when expressed to be performable "on the day of passing title" (*Leschziner v. Bouman,* 83 N. J. L., 743, 85 Atl., 205); "when the sale is completed" (*Sams v. Olympia Holding Co.,* 153 Wash., 254, 279 P., 575); "upon delivery of the deed and payment of the consideration" (*Tarbell v. Bomes,* 48 R. I., 86, 135 A., 604, 51 A. L. R., 1386); "at settlement" of total consideration (*Simon v. Myers,* 284 Pa., 3, 130 A., 256); "when the sale is consummated" (*Alison v. Chapman,* 36 Cal. App., 759, 173 P., 389); "at the date of passing title" (*Baum v. Goldblatt,* 81 Pa. Supr. Ct., 233); "at the time of the consummation" of the sale (*Morse v. Conley,* 83 N. J. L., 416, 85 A., 196); "out of the first money received" from the sale (*Lindley v. Fay,* 119 Cal., 239, 51 P., 333); "out of the proceeds of said deal" (*Kiam v. Turner,* 21 Tex. Civ. App., 417, 52 S. W., 1043); "2½ per cent. of the amount you receive"

from the sale (*Lee v. Greenwood Agency Co.*, 123 Miss., 823, 86 So., 449) ; "out of the payments as made" (*Murray v. Rickard*, 103 Va., 132, 48 S. E., 871) ; and in the case at bar the broker's commission is payable "when the deal is closed up," and then "out of the sale price of the property."

"A commission agent employed to negotiate a sale upon the terms that he is to be paid a commission on the amount of purchase money, or on the happening of a certain event, will not be entitled to any commissions until the purchase money has been received or the event has happened, unless there has been fraudulent delay or willful neglect on the part of the employer." 2 Addison on Contracts, sec. 925.

It is alleged in the instant complaint that the failure to close the deal was due to the defendant's own default. However, the evidence adduced on the hearing is insufficient to support the allegation. The question of waiver was also advanced by the plaintiff, but this, too, is unsupported by the record. Hence, tested by the weight of authority and our own decisions, it would seem that we have here a promise to pay plaintiff's commission upon a condition which has not been fulfilled and "out of the sale price of the property" which has not been received because of the inability of the purchaser to comply with his contract. The result is an affirmance of the judgment of nonsuit.

Affirmed.