SYCAMORE MILLS. INC., ET AL., v. HERVEY VENEER CO. ET AL.

(Filed 29 October, 1947.)

**1. Landlord and Tenant § 26—**

Where a lease beginning the calendar year stipulates quarterly rental,
the first quarter rent to be due April 1st and quarterly thereafter, the
rent is payable at any time during the quarter, particularly when this is
accordant with the *ante litem motam* interpretation of the parties.

**2. Landlord and Tenant § 22a—**

Where rent is payable quarterly, contention of forfeiture of the lease for
nonpayment of the July quarter rent is untenable when it appears that

the following December lessor wrote lessee that unless another lease agreement were reached lessor would repossess the following January, and in October of the following year lessor institutes summary ejectment and seeks to recover rent only from the prior January, since it would seem that lessor had waived the alleged breach.

**3. Ejectment § 7—**

In an action in summary ejectment on the ground that lessee had forfeited the lease by nonpayment of rent, nonsuit will be entered upon failure of proof of forfeiture as set out in the complaint.

**3. Ejectment § 7—**

A fatal variance between allegation and proof justifies nonsuit, as it amounts to a total failure of proof on the declaration or the cause alleged.

APPEAL by defendants from *Pittman, J.,* at February Term, 1947, of McDOWELL.

Summary proceeding in ejectment.

It is alleged that by written agreement executed 1 January, 1940, the plaintiffs leased to the defendant certain lots adjoining the plant of the defendant in Old Fort, McDowell County, for "the sum of fifteen dollars ($15.00) quarterly, beginning January 1st, 1940, the first quarter due April 1st, 1940, and quarterly thereafter."

The term of the lease was to be for five years from 1 January, 1940, with privilege of renewal for one or more five-year periods up to a total of three five-year periods; provided agreement could be reached "as to the advanced rental, if any be charged," over and above the quarterly amount fixed for the original term. The lease was to terminate "in the event an agreement cannot be reached as to the advanced rate of rental." In this connection, however, it was further provided, that the lessee was to have the "refusal of the above property for the three five-year periods at an amount not less than fifteen dollars per quarter, nor more than any other *bona fide* renter is willing to pay at that time." In the concluding paragraph, it is stipulated that the lease shall terminate upon failure, neglect or refusal on the part of the lessee "to pay quarterly rentals promptly when due."

On 1 September, 1944, the lessee gave the plaintiffs written notice "that we plan to exercise our option for leasing the lots for another 5-year period beginning January 1, 1945."

Thereafter, on 26 December, 1944, the plaintiffs notified the defendant by letter "that unless you meet with me, or otherwise arrange another lease agreement, I will repossess the lots on January 1st, 1945, or shortly thereafter, and claim damages and expenses."

On 23 October, 1945, plaintiff instituted this summary proceeding in ejectment before a justice of the peace for nonpayment of rentals as

specified in the lease and demanded $150.00 "for rent of the premises from 1st day of January, 1945, to present."

From judgment for plaintiffs, the lessees appealed to the Superior Court where the matter was heard *de novo* at the February Term, 1947, and again resulted in a verdict and judgment for plaintiffs, the jury assessing the damages at $280.00.

From judgment on the verdict for plaintiffs, the defendants appeal, assigning errors.

*Paul J. Story for plaintiffs, appellees.*
*R. H. McNeill for defendants, appellants.*

STACY, C. J.   It seems that on the hearing in the Superior Court, the plaintiffs asserted that the lease was terminated in July, 1944, because the quarterly rental of $15.00 was not paid in advance at that time.   The defendants, on the other hand, claimed there was no forfeiture of the lease as the rent was tendered within the first thirty days of the quarter. The lessee's contention that the rent was payable at any time during the quarter, seems to accord with the terms of the lease, and also with the *ante litem motam* practical interpretation of the parties.   *Jones v. Realty Co.,* 226 N. C., 303, 37 S. E. (2d), 906; *Cole v. Fibre Co.,* 200 N. C., 484, 157 S. E., 857.   The rent was to begin on 1 January, 1940, and became due "the first quarter due April 1st, 1940, and quarterly thereafter."

Moreover, as we understand the record, the plaintiffs herein—proceeding instituted 23 October, 1945—seek to dispossess their tenant and to recover rent "from 1st day of January, 1945, to present."   This would seem to be a waiver of any alleged breach in July, 1944, six months earlier, if not already waived by plaintiff's letter of 26 December, 1944, in which it was stated "that unless you meet with me, or otherwise arrange another lease agreement, I will repossess the lots on January 1, 1945, or shortly thereafter."

At any rate, so far as we are able to discover, the record appears barren of any evidence to support the claim set out in the complaint.   A fatal variance between allegation and proof suggests a nonsuit, as it amounts to a total failure of proof on the declaration or the cause alleged. *Whichard v. Lipe,* 221 N. C., 53, 19 S. E. (2d), 14, and cases cited.   It is so ordered.

Reversed.