An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-274

NORTH CAROLINA COURT OF APPEALS

Filed: 16 December 2014

KAREN H. WHITE,
    Plaintiff

    v.                                   Pasquotank County
                                         No. 09-CVD-770
RICHARD McMULLEN WHITE,
    Defendant.


Appeal by Plaintiff from judgments entered 22 February 2011 by Judge Robert P. Trivette and 17 September 2013 by Judge C. Christopher Bean in Pasquotank County District Court. Heard in the Court of Appeals 10 September 2014.


    *The Twiford Law Firm, P.C., by Edward A. O'Neal, for Plaintiff-Appellant.*

    *Pritchett & Burch, PLLC, by Lloyd C. Smith, Jr., Lloyd C. Smith, III, and Jonathan E. Huddleston, for Defendant-Appellee.*


    DILLON, Judge.


Karen H. White ("Wife") appeals from the trial court's declaratory judgment barring her claim for equitable distribution of real property acquired by Richard McMullen White ("Husband") in his own name during the marriage based on the

terms of an antenuptial agreement. She also appeals from the final consent judgment awarding alimony, attorney's fees, and equitable distribution. For the following reasons, we affirm.

## I. Background

Husband and Wife were married in 1983 and three children were born of the marriage. Shortly before their marriage, the parties signed an antenuptial agreement (the "Antenuptial") which addressed their rights to certain property owned by either party.

At the time of their nuptials, Husband owned real estate associated with his used car business; Plaintiff owned personal property but not any real estate. During the marriage, Husband acquired several rental properties titled in his name. Also during the marriage, Husband and Wife purchased their marital home, which was titled in both of their names.

In 2009, the parties separated. Wife filed this action raising claims for child custody and support, post separation support and alimony, equitable distribution, and attorney's fees. Husband filed his answer admitting that the marital home was "marital property" but pleaded that the Antenuptial was a bar to equitable distribution with respect to property he owned in his individual name.

In 2010, Wife filed a motion for declaratory judgment to determine the rights and obligations of the parties under the Antenuptial. Husband filed a motion for partial summary judgment requesting the trial court to decree that the terms of the Antenuptial operated as a bar to Wife's claim for equitable distribution of the real estate titled to him.

In 2011, following a hearing on the matter, the trial court entered a declaratory judgment (the "Declaratory Judgment") stating that the Antenuptial was unambiguous and that it barred Wife's claim for equitable distribution of Husband's real estate.

In 2013, the trial court entered a consent order (the "Consent Order") which resolved the remaining claims of the Wife. The Consent Order stated that Wife's claims for equitable distribution of Husband's real estate had been adjudicated by the Declaratory Judgment and that Wife had not waived her right to appeal the Declaratory Judgment.

On 2 October 2013, Wife filed appeal from the Declaratory Judgment and the Consent Judgment.

## II. Analysis

On appeal, Wife contends that the trial court erred in finding that the Antenuptial was unambiguous in creating a

waiver of her marital interest in real property acquired by Husband during the marriage. She concludes that this property should be classified as marital property and subject to equitable distribution. Husband counters that Wife waived any challenge to the Consent Judgment; that her entire appeal should be dismissed because she has attempted to manipulate the rules of procedure to appeal from an interlocutory order; and that the Declaratory Judgment and Consent Judgment should be, otherwise, affirmed.

## A. Waiver/Dismissal

Husband contends that Wife waived her right to appeal from the Consent Judgment which set the final terms of equitable distribution by failing to raise any argument in her brief challenging this judgment. Wife concedes in her reply brief that she has abandoned her appeal of the claims adjudicated by the Consent Judgment. Accordingly, any appeal from the adjudication of those claims has been waived. However, Wife's failure to present an argument regarding the Consent Judgment does not waive her right to appeal from the Declaratory Judgment adjudicating her equitable distribution claim regarding the real estate acquired by Husband in his name during the marriage.

Husband also argues that Wife's appeal from the Declaratory Judgment should be dismissed, contending that she has attempted to manipulate the rules of procedure by signing the Consent Judgment so that her appeal from the Declaratory Judgment would not be interlocutory. Specifically, Husband argues that the Consent Judgment "specifically acknowledged the right to reinstate a claim if the appeal was successful" in contradiction to our holding in *Hill ex Rel Hill v. West*, 177 N.C. App. 132, 627 S.E.2d 662 (2006).

We believe that our holding in *Hill* is distinguishable from the present case and, therefore, overrule Husband's argument that Wife's appeal should be dismissed. We recently noted that "[t]his Court has . . . repeatedly limited *Hill* to the specific, unusual facts present in that case." *Tong v. Dunn*, ___ N.C. App. ___, ___, 752 S.E.2d 669, 674 (2013) (citing *Curl v. Am. Multimedia, Inc.*, 187 N.C. App. 649, 654, 654 S.E.2d 76, 80 (2007); *Goodman v. Holmes & McLaurin Attorneys at Law*, 192 N.C. App. 467, 472, 665 S.E.2d 526, 530 (2008); and *Duval v. OM Hospitality, LLC,* 186 N.C. App. 390, 651 S.E.2d 261 (2007)). In *Hill*, the plaintiffs raised a number of claims against a number of parties. 177 N.C. App. at 133, 627 S.E.2d at 663. The trial court granted summary judgment against the plaintiffs with

respect to some of the claims. *Id.* This Court dismissed the plaintiff's appeal from a partial summary judgment order as interlocutory, and noted that additionally the plaintiffs had failed to include a statement of the grounds for appellate review in violation of the appellate rules of procedure. *Id*. at 133, 627 S.E.2d at 663. On remand to the trial court, the plaintiffs attempted to effect an immediate appeal from the partial summary judgment order by voluntarily dismissing their remaining claims in a rather unique manner. *Id.* at 135, 627 S.E.2d at 664. Specifically, the plaintiffs dismissed their remaining claims in the form of a consent judgment entered by the trial court whereby the plaintiffs' remaining claims were dismissed. *Id.* at 134-35, 627 S.E.2d at 663-64. However, the consent judgment allowed the plaintiffs to resurrect these dismissed claims in the event the plaintiffs won their appeal regarding the other claims, even if the appeal was not resolved in one year, thereby circumventing the requirements of N.C. R. Civ. P. 41. *Id*. We dismissed the appeal as having been taken from an interlocutory order, stating that the "manipulat[ion of] the Rules of Civil Procedure in an attempt to appeal the [] summary judgment that otherwise would not be appealable" did not

convert the partial summary judgment order into an appealable final judgment. *Id.* at 135, 627 S.E.2d at 664.

In the present case, however, the Consent Judgment does not contain any language that attempts to manipulate N.C. R. Civ. P. 41 through the inclusion of a statement that claims could be reinstated at any time without regard to the one-year limitation. This judgment simply states that it is a final judgment on the equitable distribution claim "pending" a successful appeal by Wife challenging the trial court's Declaratory Judgment regarding the Antenuptial, which could operate to reinstate the claim for equitable distribution with respect to Husband's real estate. Therefore, *Hill* is not controlling and Defendant's argument is overruled.

## B. Antenuptial Agreement

Wife argues that the trial court erred in finding that there were no ambiguities in the Antenuptial and concluding that it barred equitable distribution of the property acquired by one of the parties during their marriage. We disagree.

"Declaratory judgment affords the appropriate procedure to alleviat[e] uncertainty in the interpretation of written instruments and to clarify litigation associated with an actual controversy." *McCabe v. Dawkins*, 97 N.C. App. 447, 449, 388

S.E.2d 571, 572 (citation omitted), *disc. review denied*, 326 N.C. 597, 393 S.E.2d 880 (1990). Under the Uniform Declaratory Judgment Act, N.C. Gen. Stat. § 1-253 *et seq.*, "the court's findings of fact are conclusive if supported by any competent evidence; and a judgment supported by such findings will be affirmed, even though there is evidence which might sustain findings to the contrary[.]" *Nationwide Mut. Ins. Co. v. Allison*, 51 N.C. App. 654, 657, 277 S.E.2d 473, 475, *disc. review denied*, 303 N.C. 315, 281 S.E.2d 652 (1981). Thus, "[t]he function of our review is, then, to determine whether the record contains competent evidence to support the findings[] and whether the findings support the conclusions." *Id*. The trial court's conclusions of law are reviewable *de novo*. *Cross v. Capital Transaction Grp., Inc.*, 191 N.C. App. 115, 117, 661 S.E.2d 778, 780 (2008) (citation omitted), *disc. review denied*, 363 N.C. 124, 672 S.E.2d 687 (2009).

Two people who are contemplating marriage may enter into a valid contract before marriage with respect to the property and property rights of either or both after marriage. *Stewart v. Stewart*, 222 N.C. 387, 391, 23 S.E.2d 306, 308 (1942). We have further explained that "[t]he term 'antenuptial agreement' or 'marriage settlement' is often applied to such agreements" and

that "a valid antenuptial agreement may serve as a plea in bar to the equitable distribution of property acquired during the marriage[,]" pursuant to N.C. Gen. Stat. § 50-20(d). *Prevatte v. Prevatte*, 104 N.C. App. 777, 780-81, 411 S.E.2d 386, 388 (1991). In other words, even though the right to equitable distribution is a statutory property right, that "right may be waived by a complete property settlement which contains a general release of spousal property rights." *Id.* at 781, 411 S.E.2d at 388. Husband pleaded as a bar to equitable distribution of his real estate the terms of the Antenuptial. Therefore, the issue before us is whether the Antenuptial operated as a bar to Wife's claim for equitable distribution of the real estate owned solely in Husband's name.

Principles of construction applicable to contracts, generally, are applicable to premarital agreements. *Stewart v. Stewart*, 141 N.C. App. 236, 240, 541 S.E.2d 209, 212 (2000). "The heart of a contract is the intention of the parties[,]" and "[t]his intention is to be gathered from the entire instrument, viewing it from its four corners." *Jones v. Palace Realty Co.*, 226 N.C. 303, 305, 37 S.E.2d 906, 907 (1946). "The contract must be construed as a whole, and a paragraph or excerpt must be interpreted in context with the rest of the agreement."

*Security Nat'l Bank v. Educators Mut. Life Ins. Co.*, 265 N.C. 86, 93, 143 S.E.2d 270, 275 (1965) (citations omitted). "When the language of the contract is clear and unambiguous, construction of the agreement is a matter of law for the court and the court cannot look beyond the terms of the contract to determine the intentions of the parties." *Stovall v. Stovall*, 205 N.C. App. 405, 410, 698 S.E.2d 680, 684 (2010). "If the words employed are capable of more than one meaning, the meaning to be given is that which it is apparent the parties intended them to have." *Jones*, 226 N.C. at 305, 37 S.E.2d at 907 (citation and quotation marks omitted).

Section I of the Antenuptial is at the heart of the parties' arguments, which states

> [a]ny property, either real or personal, acquired by either prospective spouse, *before or after their marriage*, shall be the separate property of the party owning or obtaining the property, and the other party shall make no claim or demand on the separate property or on the heirs, executors, or administrators of the owner's estate, for that separate property.

(Emphasis added.) Wife argues that the phrase "after their marriage" in this paragraph is ambiguous, as it could mean (1) after the marriage ended by divorce (excluding property acquired during marriage and giving Plaintiff a right to equitable

distribution in Defendant's real property) or (2) after date of marriage (including property acquired during marriage and excluding Plaintiff's right to equitable distribution of Defendant's real property). Plaintiff reasons that because of this ambiguity, we should look to her trial and deposition testimony along with other parts of the agreement to determine the intent of the parties and that their intent was not to waive equitable distribution of their property acquired by either party *during* the marriage. Plaintiff concedes, however, that "before . . . marriage" means before the parties were married. Therefore, we must determine the parties intention in regards to the phrase "after marriage[.]"

We believe that the trial court correctly interpreted the Antenuptial to apply to property acquired by either party during the marriage. Looking to the "four corners" of the document, we note that in a preamble to the rest of the terms of the agreement, the Antenuptial states:

> The parties stipulate and recite that:
>
> 1. Prospective Husband and Prospective Wife intend to *be married*.
>
> 2. Prospective Husband and Prospective Wife are legal owners of real and personal property located in the State of North Carolina.

> 3.   Prospective Husband and Prospective Wife desire to retain all property that they presently own, whether real or personal, as separate property, *after solemnization of their marriage*.
>
> 4.   That parties wish to set forth other provisions relative to the manner in which they will conduct themselves *after marriage* and relate the business context in which they will operate *as man and wife*.

(Emphasis added).   The parties' intent, as stated in the preamble is that the agreement govern their conduct, including the ownership of property, "after solemnization of the marriage[,]" "after the marriage[,]" and "as man and wife." Paragraph 3 of the Preamble makes it clear that Section I's "before . . . marriage" refers to property owned before "solemnization of their marriage[.]"   We believe that it is equally clear from paragraph 4 of the Preamble that "after marriage" means while operating "as man and wife" or "after solemnization of their marriage[.]"[1]

Wife contends that an antenuptial agreement must expressly mention "equitable distribution" in order to operate as a waiver

---

[1] An antenuptial agreement can be invalidated if it is the product of undue influence, duress, coercion, or fraud, and if there is a lack of full disclosure between the parties as to their respective financial status.  *Howell v. Landry*, 96 N.C. App. 516, 525, 386 S.E.2d 610, 615 (1989).  Plaintiff raised none of these contractual defenses on appeal.

of this right. In *Hagler v. Hagler*, 319 N.C. 287, 354 S.E.2d 228 (1987), our Supreme Court held two identical releases for the husband and wife in a separation agreement operated as a bar to equitable distribution: "any and all other rights arising out of the marriage relation in and to any and all property now owned by the ["Wife," or "Husband"] or which may be hereafter acquired by [her or him] and further does hereby release the right to administer upon [her or his] estate." *Id*. at 288, 295, 254 S.E.2d at 231, 234-35. The agreement did not contain the phrase "equitable distribution." *Id.* However, the Court analyzed the intent of the parties based on the specific terms of the agreement and determined that they intended a waiver of equitable distribution. *Id.* In the present case, by entering into the Antenuptial, the parties agreed that any property acquired and owned by either of them would be the separate property of the owner. Accordingly, Wife's argument is overruled.

## III. Conclusion

The unambiguous language of the Antenuptial stated that real or personal property acquired by either party before or after marriage was separate property, and this language supported the trial court's findings and conclusion that the

Antenuptial operated as a waiver of equitable distribution of such property in the Declaratory Judgment. As we affirm the Declaratory Judgment, we also affirm the conclusions based on that Declaratory Judgment in the Consent Judgment.

Accordingly, the trial court's judgments are

AFFIRMED.

Judge HUNTER, Robert C. and Judge ERVIN concur.

Report per Rule 30(e).