LAMBERT HOISTING ENGINE COMPANY v. J. R. PASCHAL
and WISE GRANITE COMPANY.

(Filed 15 September, 1909.)

1. Principal and Agent—Evidence of Agency—Harmless Error.

In an action to recover purchase price of goods sold and delivered, exclusion of defendant's evidence that plaintiff's agent was told by the agent of defendant that the goods were bought by him for his principal, is harmless, when plaintiff has brought his action and recovered against the principal in recognition of this fact.

2. Principal and Agent—Agent's Counterclaim.

An agent cannot successfully interpose as a set-off, in an action brought by another against his principal, expenses incurred by him individually and for which his principal cannot be held responsible.

3. Contracts, Written—Language, Plain—Interpretation.

The courts may not disregard the plainly expressed meaning of a lawful contract, and by construction or otherwise substitute a new contract for the one made by the parties.

4. Private Corporations—Contracts—Restricting Liability—Valid Stipulations.

A clause in a written contract of purchase between two private corporations, not affected with a public use, clearly expressing that the vendor assumed no liability for damages on account of delay in delivery will be upheld in the absence of allegations of fraud and bad faith, and the vendee cannot recover damages caused by a delay of sixty-three days beyond the time fixed for delivery.

HOKE and MANNING, JJ., concur in result.

APPEAL from *Guion, J.,* June Term, 1909, of WARREN.

The action was brought to recover the purchase price of certain machinery sold by the plaintiff company to the defendant, the Wise Granite Company.

The defendant sets up a counterclaim for damages in a breach of the contract as a set-off against the purchase money. These issues were submitted:

1. "Is the defendant indebted to the plaintiff, Lambert Hoisting Engine Company? If so, in what amount—(1) for the purchase price of the cable way and outfit?" Answer: "Three thousand eight hundred and thirty-eight dollars and eighty-three cents, with interest on $3,500 from date." (2) "For erecting the cable way and outfit?" Answer: "Two hundred and seventy-five dollars, with interest from 1 August, 1907."

2. "Did the plaintiff wrongfully and unlawfully seize and remove certain parts of the cable way?" Answer: "Yes."

3. "What damages are the defendants entitled to recover by reason of said unlawful seizure and removal—(1) ꞌfor repairs made?" Answer: "Two hundred and eighty-two dollars and sixty-two cents, with interest from 24 August, 1907." (2) "For profits the defendants could have made during the twenty-four days the machinery is alleged to have been idle?" Answer: "Six hundred and seventy dollars and eighty-five cents, with interest from 24 August, 1907."

The court, after giving defendant credit for the damages assessed upon the counterclaim, gave judgment in favor of plaintiff for the residue of the purchase price. The defendants, having excepted to the rulings of the court, appealed.

*T. W. Bickett* for plaintiff.
*Tasker Polk, W. E. Daniel, T. T. Hicks* and *B. G. Green* for defendants.

BROWN, J. The correctness of his Honor's ruling in allowing evidence of prospective profits under the second subdivision of the third issue is not before us for review, as the plaintiff did not appeal.

The defendant assigns error because of the exclusion of evidence that plaintiff's agent, Delaney, was told by J. R. Paschal that the cable way was bought for the Wise Granite Company. This ruling is harmless and the evidence immaterial, as the plaintiff has recognized the granite company as a purchaser of the machinery through its agent, Paschal, by suing and recovering judgment against the company for the purchase price.

Defendant also assigns error because of the exclusion of the testimony of J. R. Paschal as to the expense incurred by him individually in an action brought against him and the Wise Granite Company on account of the inability of the Wise Granite Company to fulfill its contracts in Norfolk. We are not favored with any authority sustaining this contention of defendant, but it would seem to be unquestioned law that, as Paschal admits that the purchase was made, not for himself, but exclusively by the granite company, he cannot successfully interpose a set-off peculiar to himself.

Besides, there is no such item of damage referred to or set out in the counterclaim pleaded in the answer.

The only remaining assignment of error (besides the formal exceptions to the refusal to grant a new trial and to the judgment) relates to the exclusion of evidence as to the damage the Wise Granite Company sustained by reason of delay in the delivery of the cable way.

The written contract for the purchase of the machinery was approved by plaintiff on 2 March, 1907, and calls for a delivery of the machinery within three weeks. The machinery was delivered to the railroad company at Newark, consigned to defendant on 27 May, 1907, some sixty-three days after the expiration of the time fixed for delivery.

The plaintiff would be liable undoubtedly for all such damages caused by the delay as were reasonably within the contemplation of the parties except for the unusual provisions of the contract. First, there is a sweeping limitation of liability in these words, "We assume no liability for damages on account of delay." Again, "It is agreed that no liability shall attach to us on account of damages or delays caused by such defective material." And the instrument closes with a provision by which the performance of the contract by the engine company may be avoided entirely, for "this contract is contingent upon strikes, accidents or other delays unavoidable or beyond our reasonable control."

Thus we have before us a contract which exempts the seller from any liability on account of any delay in executing it; also for defective material, and then provides that he may avoid the contract entirely on account of strikes, fires, etc.

The instrument would appear to be one made almost entirely for the seller's protection, with but little regard for the buyer's interests. Yet we are constrained to hold that it is a valid contract and that the only question is one of construction.

We have not been cited to any precedent or other authority, and our own investigations have failed to discover a case in point; so we have to go upon the "reason of the thing" and the plain letter of the written instrument. It is common learning that any contract entered into voluntarily between competent parties is valid and generally will be enforced, unless it contravenes some settled principle of public policy or is based upon an immoral consideration or entered into to accomplish an unlawful or immoral purpose.

The contract under consideration is tainted with nothing of that sort, and the parties are undoubtedly competent to make it. The plaintiff seller is a private corporation, and so is the defendant purchaser. Neither is affected with a public use and thereby prohibited from entering into a contract which exempts it from liability arising from the negligence of its servants.

As the contract is lawful and expressed with definiteness and certainty, the court is not at liberty to alter it by construction or make a new agreement for the parties. Chitty on Cont. (11 Am. Ed.), 92.

If a contract is expressed in plain and unambiguous language, neither courts nor juries may disregard and by construction or otherwise substitute a new contract in the place of that deliberately made by the parties. 7 Am. & Eng., 118, and cases cited; *Dwight v. Ins. Co.*, 103 N. Y., 347.

The language used in the contract exempting the seller from liability for damage caused by any delay is broad and comprehensive and the meaning unmistakable. The purpose of inserting such a provision was very likely to exempt the seller from the very kind of damage in which the buyer is seeking to mulct the seller in this case. The defendant seeks to hold plaintiff liable for the loss of prospective profits on certain contracts for the delivery of granite which it avers it was unable to perform by reason of the failure to deliver the machinery on time.

The experience of the plaintiff may have taught it that ordinary prudence required that it should guard itself against any such indefinite and uncertain liability, which it could not estimate, by inserting in the contract the comprehensive clause, "We assume no liability for damages on account of delay."

That the plaintiff had a right to exclude this particular kind of damage when making the contract is not to be questioned, for it is a well-settled principle of law of contracts that where the parties to a contract themselves stipulate what damages shall or shall not be recoverable, then the agreement of the parties becomes the law of the case. Am. & Eng. Ency. (Vol. 8), 636; *Bush v. Chapman*, 2 Green. (Ia.), 661. In the case last named the Court says: "If a plaintiff sue on a written or special contract, so as to make it the basis of his action, it must regulate his right to recover, as well as the amount."

The language used plainly indicates that, while damages for delay in delivery beyond the three weeks were contemplated and considered by the parties when the contract was made, they were excluded by its express terms. In another part of the contract it says: "This contract is contingent upon strikes, fires, accidents or other delays unavoidable or beyond our reasonable control." This does not refer to damages, but to the whole contract. All that is said about damages is said in the first clause, which, clearly, without equivocation or qualification, declares that there is no liability for damages on account of delay. In view of this plain provision, and in the absence of any allegation in the answer of fraud or bad faith, we are not prepared to hold that a delay of sixty-three days does not come within the protecting terms of the contract of sale, although it may be that the delay may be so protracted and attended with such circumstances as would make the seller liable even under such a contract as this. The judgment is                                        Affirmed.