W. H. OLLIS AND WIFE, M. C. OLLIS, v. DREXEL FURNITURE COMPANY.

(Filed 16 May, 1917.)

**1. Pleadings—Demurrer—Contract.**

> A demurrer to the complaint admits the truth of the allegation therein
> sufficiently pleaded; and where it alleges an amount due by the defendant
> for cutting timber under a contract, for which the action was brought, a
> demurrer thereto will be denied.

**2. Same—Arbitration.**

> Where the complaint sets out a cause of action alleging a definite
> amount due under contract, a demurrer thereto on the ground that the
> contract providing for an arbitration as to the amount is bad, as the
> amount is not then in dispute; and if the defense is available it should
> be set up in the answer.

**3. Evidence—Demurrer—Admissions—Trials.**

> Where in an action to recover an amount alleged to be due the plaintiff
> for cutting timber from his lands under a contract, with supporting evi-
> dence, the defendant admits an amount due, a motion as of nonsuit upon
> the evidence will be denied.

**4. Contract—Timber—Assumpsit.**

Where the plaintiff and defendant had entered into a contract for the latter to cut timber upon the lands of the former, and thereupon the defendant had entered upon and cut timber from the lands, he is liable upon a quasi or implied assumpsit to pay the reasonable worth of the timber which he had cut and retained.

**5. Deeds and Conveyances—Contracts—Timber—Cutting Period—Grantee's Liability—Uncut Timber—Grantee of Lands.**

Where the owner of lands conveys his timber thereon, to be paid for as cut within a stated period, no obligation is imposed upon his grantee to cut the timber within that time, or pay for such as may remain standing thereafter, it being merely an option to cut; and where the owner has conveyed the title to the lands to another within the cutting period, the grantee of the title acquires the title to the trees which thereafter remain standing, without obligation on the grantee of the timber to his grantor to pay for them.

**6. Deeds and Conveyances—Timber—Contracts—Interpretation—Intent.**

A conveyance of standing timber will be interpreted so as to ascertain the intention of the parties by a natural and not forced interpretation of all of the provisions of the writing in its entirety, and every part should be allowed its proper weight in reaching a conclusion as to the meaning.

CIVIL ACTION, tried before *Lane, J.,* and a jury, at October Term, 1916, of AVERY.

Plaintiffs and defendant entered into a contract, in the form of a deed, whereby the former conveyed to the latter all the merchantable timber on a certain area of land in said county, containing 237 acres, with the right or privilege of cutting and hauling the same within four years and six months, and a right of way over the land for hauling other timber purchased by the vendee, upon the consideration that the defendant should pay the plaintiffs $2.50 per thousand feet, board measure, for all merchantable timber cut from the tract of land, payment to be made as soon as each yard is finished.

Defendant entered upon the land and cut the timber, leaving a considerable quantity of the timber standing uncut upon the land. Plaintiffs conveyed the land to another before the time for cutting had expired, and now sue for what is due for the timber which was cut, and also for that which was not cut.

The jury returned the following verdict:

First. Did the plaintiffs and the defendant enter into the contract alleged in the complaint? Answer: "Yes."

Second. In what sum, if any, is the defendant liable to the plaintiffs on account of the timber trees cut and sawed on the land described in the complaint? Answer: "$311."

Third. What is the number of feet of uncut merchantable timber remaining on the land described in the complaint? Answer: "190,000 feet."

It was agreed between the parties that the judge might reserve his opinion as to the liability of the defendant for the uncut timber, and if he held the defendant to be liable, judgment should be given for its value estimated at the contract price of $2.50 per thousand feet, or $475. The court, being of opinion that the defendant is liable for the value of the uncut timber, entered judgment upon the verdict, under the agreement of the parties as to the uncut timber, for $786, that is, $311 for the cut timber and $475 for the uncut timber, and the costs. Defendant appealed.

*W. C. Newland and S. J. Ervin for plaintiffs.*
*W. J. Ragland and Spainhour & Mull for defendant.*

WALKER, J., after stating the case: The defendant demurred to the complaint *ore tenus,* because, under the contract, the damages, if any, should have been arbitrated; but a demurrer admits all facts well pleaded, and in this complaint it is alleged how much timber was cut and the value thereof, and as this is admitted by the demurrer, there was no dispute at that stage of the case, or no disagreement, as to the amount of recovery, if there was any liability of defendant for the lumber; so that arbitration was necessary, as it was conditional upon a dispute as to the amount. This defense, if available at all, should have been set up in the answer, and a proper issue submitted as to it; but this was not done. Besides, there appears to be no practical difference between the parties as to the amount of timber cut by defendant, and in this respect the case has been tried upon its real merits.

The motion to nonsuit was properly overruled, as the plaintiffs were, upon the evidence, if believed, entitled to recover something, and the court, in its charge, states that the defendant admitted that after making the proper estimates of the timber which was cut and deducting the credit, or $395, they are liable for $235.74. If the plaintiffs were entitled to recover any amount, there should not have been a nonsuit, which is the correct judgment only where they are not entitled to anything. But there was evidence for the jury to consider, apart from the admission, and for this reason an involuntary nonsuit would have been erroneous.

There was sufficient evidence of the execution of the contract. Besides, the land belonged to the plaintiffs, and the timber was cut therefrom by the defendant, with plaintiffs' permission, for a stipulated price per thousand feet. There was no dispute as to the price, or value

of the timber, or its reasonableness. Under these circumstances defendant would be liable to the plaintiffs for the value of the timber which was cut from the land, upon a quasi or implied assumpsit to pay what the timber was reasonably worth, he having received the benefit of the transaction and retained the same. Clark on Contracts (2 Ed.), p. 551. Keener on Quasi Contracts says, at page 24: "When it is for any reason conceded—*e. g.*, illegality, the statute of frauds, impossibility of performance—that a defendant is not liable to a. plaintiff for a failure to perform a contract made with the plaintiff, and yet it is held that he is liable in assumpsit, or other contractual remedy, for benefits conferred by the plaintiff under the contract, such liability is necessarily quasi-contractual, and rests on the doctrine of unjust enrichment. Of this character also is the liability of a defendant for benefits received which, though requested by him, were not conferred under a contract, because of some misunderstanding of the parties, or other reason, pre-preventing the creation of a contract." But we need not further consider this feature of the case, as we hold that there was evidence of the contract under which defendant cut the timber. The other objections of the appellant, except one, are overruled, as they do not relate to any material question, and are of no practical importance.

The real controversy between the parties relates to the liability of the defendant for the uncut timber, and the defendant's exception, as to this charge, is sustained. The contract does not require the defendant to cut all the. timber or any designated part thereof. It amounts to no more than the grant of a right or privilege to cut timber on the land within the period specified, and to pay only for the timber so cut at a given price per thousand feet. It does not provide for the payment of any sum except the price of the timber which is cut under it. The timber left standing at the end of the time limited for cutting belonged to the plaintiff; and if he conveyed the land, it passed to his grantee. *Hornthal v. Howcutt,* 154 N. C., 228; *Midyette v. Grubbs,* 145 N. C. at p. 90; *Bunch v. Lumber Co.,* 134 N. C., 116; *Hawkins v. Lumber Co.,* 139 N. C., 160. The vendor could not enlarge his vendee's liability by conveying the land, upon which the timber stood, to another. The contract was that for as much timber as the vendee should cut on the land he would pay to the vendor so much per thousand trees, and no more. We cannot perceive upon what sound reason can be based any claim of damages for the uncut timber. The timber left uncut at the expiration of the fixed period does not belong to the vendee, and he has no interest therein, the same having determined when his time for cutting was out. It then became the property of the vendor, or of his assignee if he has conveyed the land. *McIntyre v. Barnard,* 1

35—173

Sandford's Ch., 52; *Strasson v. Montgomery*, 32 Wis., 52; *Young v. Lego*, 36 *id.*, 394; *Kemble v. Dresser*, 42 Mass. (1 Metc.), 271. The plaintiff must abide by the fair and reasonable construction of his own contract and the only one that can be put upon the terms chosen by them to express it. We must ascertain the intention of the parties by a natural, not forced, interpretation of all the provisions of the writing, so that the entire instrument will be kept in view, and every part be allowed its proper weight in reaching a conclusion as to the meaning. "If a plaintiff sue on a written or special contract, so as to make it the basis of his action, it must regulate his right to recover as well as the amount." *Bush v. Chapman*, 2 Green (Ia.), 661; *Engine Co. v. Paschal*, 151 N. C., 27; 8 A. and E. Enc., 636. "If a contract is expressed in plain and unambiguous language, neither courts nor juries may disregard it and by construction or otherwise substitute a new contract in the place of that deliberately made by the parties." *Engine Co. v. Paschal, supra;* 7 A. and E. Enc., 118; *Dwight v. Ins. Co.*, 103 N. Y., 347. It was said in *Wiley v. Lumber Co.*, 156 N. C., 210, applying the above stated rule: "When one has bought and paid for a lot of growing timber and the same has been conveyed to him with the privilege of removal within a given time, the contract as to the removal is so far unilateral that the purchaser is not obliged to cut and remove the timber. If he fails to do so within the time, his right or estate therein is forfeited and inures as a rule to the owner of the land. We have so held in two cases at the last term. *Hornthal v. Howcutt*, 154 N. C., 228; *Bateman v. Lumber Co.*, 154 N. C., 248." This case differs from *Wiley v. Lumber Co.*, because there the stipulation was that the plaintiff would cut, and deliver at log-bed of defendant's tramroad, all the timber on the land, a part of which the latter refused to receive, although the plaintiff was ready, willing, and able to deliver it.

It follows, therefore, that the item of $475 included in the recovery for the uncut timber should be stricken out, and that plaintiff is entitled only to the balance, with costs, and it is so adjudged.

Error.