MARIE W. BROCK v. ETHEL PORTER.

(Filed 17 September, 1941.)

1. **Contracts § 11a—Under terms of contract in suit, plaintiff's obligation to furnish water to adjacent premises was not limited to one dwelling.**

Plaintiff executed a written contract agreeing to furnish the adjacent landowner and his wife, their heirs and assigns, water from plaintiff's well for household purposes for $1.00 per month, the monthly payments to begin the first month after the covenantees had constructed a dwelling house on their premises. The contract further stipulated that the words "heirs and assigns" should include only such heirs or assigns of the covenantees who should occupy the premises. The covenantees constructed a dwelling on the premises which they later sold to defendant, and plaintiff furnished water to this house from her well. Thereafter defendant constructed a small dwelling on the premises to be occupied by her son and his wife. *Held:* Under the terms of the contract, plaintiff is obligated to furnish water for the second dwelling erected on the premises as well as the first, there being nothing in the agreement to limit it to a single dwelling erected on the premises, nor to a single party occupying the premises, the provision that the monthly payments should begin when the covenantees had constructed a dwelling house on the premises being merely to fix the time for the commencement of the monthly payments and not to limit the use of the water to a single dwelling.

2. **Contracts § 8—**

Where a written contract is submitted to the court for construction, the agreement made by the parties as expressed in the language used must be given effect.

APPEAL by defendant from *Warlick, J.*, at April Term, 1941, of SURRY.

Controversy without action heard upon facts agreed, which, in abridgment and summary, follow:

1. Joe W. Brock and C. C. Hale were adjacent landowners in a suburban section of Mount Airy. Brock and wife owned "Lot No. 12 and half of Lot No. 13" in the Brock-Merritt Development, and Hale and wife owned "Lot No. 15 and half of Lot No. 16" in the same development. Brock installed a well on his land for the purpose of supplying his dwelling with water.

2. On 11 September, 1929, Brock and wife, by written contract duly executed, agreed to furnish Hale and wife, their heirs and assigns, upon the payment of $1.00 per month, a perennial water right to the waters of his well to be used "for household purposes and none other." The monthly payments were to begin the first month after C. C. Hale and wife "shall have constructed a dwelling-house" on their premises. "It is understood and agreed that the words 'heirs and assigns of the said C. C. Hale and wife Marie Hale' shall include only such heirs or assigns of said parties who occupy the premises described as Lot No. 15 and half of Lot No. 16 and that Joe W. Brock and wife Marie Brock shall be bound to furnish water as hereinabove provided to party or parties occupying said premises and no others."

3. Thereafter, Hale and wife constructed a seven-room dwelling house on their premises which they later sold to the defendant. Plaintiff furnishes water to this house from her well.

4. Recently the defendant erected on her premises (Lot No. 15 and half of Lot No. 16) a small four-room dwelling to be occupied by her son and his wife.

5. The controversy arises over whether the plaintiff, who is now the sole owner of Lot No. 12 and half of Lot No. 13 is required by the agreement of 11 September, 1929, to furnish water for household purposes to the small house erected on defendant's premises.

The trial court being of opinion that under the contract in question the plaintiff was required to furnish water to only one house erected on defendant's premises and not to two, accordingly entered judgment for the plaintiff. From this ruling the defendant appeals, assigning error.

*A. B. Carter for plaintiff, appellee.*
*Woltz & Barber for defendant, appellant.*

STACY, C. J. The parties have submitted a written contract for construction. Its terms are not in dispute. What is its effect? This is the question for decision. *Patton v. Lumber Co.*, 179 N. C., 103, 101

S. E., 613; *Spragins v. White,* 108 N. C., 449, 13 S. E., 171; *Festerman v. Parker,* 32 N. C., 477; *Young v. Jeffreys,* 20 N. C., 357.

It will be observed that the parties themselves undertook to spell out their meaning by limiting the agreement to such heirs or assigns "who occupy the premises," and it is provided that water for household purposes shall be furnished "to party or parties occupying said premises." This includes the smaller dwelling erected on the premises as well as the larger one. The limitation of the agreement is not to a single dwelling erected on the premises, nor yet to a single party occupying the premises. "The parties had a legal right to make their own contract, and if it is clearly expressed, it must be enforced as it is written." *Potato Co. v. Jenette,* 172 N. C., 1, 89 S. E., 791. The instrument is explicit. It leaves nothing to inference. It speaks for itself. *Cole v. Fibre Co.,* 200 N. C., 484, 157 S. E., 857; *Spragins v. White, supra.*

The provision that the monthly payments should begin when the Hales had "constructed a dwelling-house" on their premises was intended to fix the time for the commencement of the monthly payments, and not to limit the use of the water to a single dwelling. There is no suggestion that the contract fails to express the exact agreement of the parties. It is of their making. *Perry v. Surety Co.,* 190 N. C., 284, 129 S. E., 721.

Reversed.