JOHN BARHAM v. R. LARRY DAVENPORT AND WIFE, REBECCA M. DAVENPORT.

(Filed 10 January, 1958.)

1. **Vendor and Purchaser § 6—**

   The lease in question granted lessee or assigns option to purchase the premises at the expiration of the five-year term or at any time

thereafter during a renewal period upon written notice given at least ninety days prior to the expiration of the five-year term. *Held:* The language is plain and unambiguous and provides that, notwithstanding the actual closing of the purchase might be postponed until any time during a renewal period, written notice of such intention should be given at least ninety days prior to the expiration of the original term.

2. **Contracts § 12—**

Parties have the legal right to make their own contract, and if the contract is clearly expressed, it must be enforced as it is written, and the courts may not disregard the plainly expressed meaning of its language, and by construction substitute a new contract for the one made by the parties.

APPEAL by plaintiff from *Johnston, J.,* 3 September, 1957, Term of GUILFORD (Greensboro Division).

*Frazier & Frazier for plaintiff, appellant.*
*Douglas, Douglas & Ravenel for defendants, appellees.*

JOHNSON, J. This is a civil action for specific performance of an option on real estate. The case was heard below on *demurrer ore tenus* to the complaint for failure to state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff appeals.

These in substance are the crucial allegations of the complaint: On 29 April, 1948, W. T. Davenport leased the *locus in quo* to Robert A. Young and John N. Young for a term of five years, beginning 1 June, 1948, and ending at midnight 31 May, 1953, with right of renewal for one year or for a period of five years. The lease was duly registered 28 May, 1948.

The lease grants the lessees and their assigns an option to purchase the premises. The option provisions are as follows:

"9. Lessor hereby grants to Lessee the privilege and option to purchase the premises herein demised on the 1st day of June, 1953, or at any time thereafter, if the same shall be during a renewal period of this lease, as herein provided, and said lease shall have, in fact, been renewed, for the cash sum of TWENTY THOUSAND ($20,000.00) DOLLARS, upon written notice by Lessee to Lessor of Lessee's election to exercise said option and purchase said premises, which said notice shall be given to Lessor at least ninety (90) days prior to the 1st day of June, 1953."

This controversy relates solely to the interpretation of the foregoing paragraph.

The plaintiff alleges that the lease has been assigned to him; and that the defendant is now the owner of the premises

subject to the lease. It is alleged also that on 16 May, 1957, the plaintiff notified the defendant in writing of his desire to exercise the option to purchase; and that the defendant on 22 May, 1957, refused to convey the premises.

The single question presented for decision is whether the plaintiff gave timely notice of his intention to purchase. The court below held that the plaintiff's notice to the defendant on 16 May, 1957, was given too late, and allowed the defendant's *demurrer ore tenus*. In this ruling we concur.

The lease was made 29 April, 1948, for a term of five years. The tenant was given the option to purchase the premises on 1 June, 1953, or at any time during a renewal period, but in either case the tenant was required to give written notice of his election to exercise the option at least ninety days before 1 June, 1953. Nevertheless, the tenant waited until after this date, during the five-year renewal period, to give notice of his election to purchase.

The plaintiff contends that the provisions relating to the option are ambiguous and contradictory and should be interpreted, favorably to the tenant, to mean that he had the right to purchase by giving notice of intention ninety days before expiration of any renewal period. Here, however, the language is plain, unambiguous, and free of contradiction. It gave the tenant no right to wait beyond the original term of the lease to give notice of his desire to purchase.

True, the lease states that the tenant may purchase the premises at any time during a renewal period, but it is stated in plain language that the tenant's election to exercise the option shall be made, and written notice thereof given, at least ninety days before 1 June, 1953. There is nothing ambiguous about the language of this provision. It simply fixed the option so that if the tenant intended to purchase the premises, it was necessary for him to make up his mind and give the landlord notice of his election to purchase at least ninety days before 1 June, 1953, so that thereafter he would be legally bound by contract to purchase the property, notwithstanding the actual closing of the purchase might be postponed until any time during a renewal period. This provision, though somewhat unusual, is by no means unreasonable. There are sound reasons why a landlord in granting a tenant a long period in which to purchase property should desire, as was done here, to limit to a shorter period the time within which his offer to sell should remain open subject to acceptance.

To interpret the option provision in accordance with the plaintiff's contention would have the effect of disregarding the clear language of the clause requiring written notice of intention to

19—247

purchase to be given at least ninety days before 1 June, 1953. It also would require the court to read into the option a provision not inserted by the parties. Courts may not disregard the plainly expressed meaning of a lawful contract, and by construction substitute a new contract for the one made by the parties. *Engine Co. v. Paschal*, 151 N.C. 27, 65 S.E. 523. Parties have the legal right to make their own contract, and if the contract is clearly expressed, it must be enforced as it is written. *Brock v. Porter*, 220 N.C. 28, 16 S.E. 2d 410. "The contract is to be interpreted as written." *Jones v. Realty Co.*, 226 N.C. 303, 305, 37 S.E. 2d 906, 907. The "only office of judicial construction is to remove doubt and uncertainty." 12 Am. Jur., Contracts, Sec. 229; *McCain v. Ins. Co.*, 190 N.C. 549, 130 S.E. 186; *Jones v. Realty Co.*, *supra*. There is no uncertainty or doubt here.

The complaint shows upon its face that the plaintiff failed to give notice of his election to exercise the option within the time limited. This being so, the judgment sustaining the *demurrer ore tenus* will be

Affirmed.