THE FIDELITY AND CASUALTY COMPANY OF NEW YORK v. NELLO L. TEER COMPANY.

(Filed 12 June, 1959.)

**1. Compromise and Settlement—**

An executed agreement terminating or purporting to terminate a controversy is a contract to be interpreted and tested by established rules relating to contracts.

**2. Same: Contracts § 12—**

Where a contract is in writing and its terms are unambiguous, its construction and effect are questions for the court, and neither party may contend for an interpretation contrary to the express language of the agreement on the ground that the writing did not truly express his intent.

**3. Compromise and Settlement—**

Where insurer and insured agree as to the amount of premiums due but there is controversy as to credits for refund of unearned premiums and premiums erroneously collected, the acceptance by insurer of a check with covering letter making it clear that the check was in full settlement of the account, settles the controversy, and evidence that insured had been reimbursed for the overpayment set out on the check as a deduction is properly excluded, the determinative question being whether a dispute existed between the parties as to the amount due at the time the check was given and accepted.

**4. Same: Insurance § 1—**

Where dispute between insurer and insured as to the amount of premiums due is not based upon controversy as to the rates but solely as to credits for unearned premiums and overpayment of premiums, a compromise settlement cannot be avoided on the ground that it was contrary to public policy, since such compromise does not rest upon a

charge of premiums at rates less than those prescribed by statute. G.S. 58-131.18, G.S. 97-104.2.

APPEAL by plaintiff from *McKinnon, J.,* September 1958 Civil Term of DURHAM.

This action was begun in May 1955 to recover the balance alleged to be owing for insurance premiums. The complaint alleges defendant, on 27 February 1954, owed plaintiff $82,938.21 on which it, on that date, paid $70,438.21, leaving a balance owing of $12,500 with interest from 1 September 1953.

Defendant denied any indebtedness to plaintiff, pleading payment of $70,438.21 in full discharge of all liability. To support its claim of payment it alleged: (1) Plaintiff had for many years insured defendant and its subsidiaries; (2) in the fall of 1953 a conference was held between representatives of plaintiff and defendant to determine the amount owing on 1 September 1953; (3) plaintiff asserted the unpaid premiums amounted to $86,371.38; (4) defendant claimed two credits on account of unearned premiums, one for $3,433.17, the other for $12,500; (5) after numerous conferences held to settle and fix the balance owing, defendant, on 27 February, tendered its check for the said sum of $70,438.21 in full settlement, which check was accepted by plaintiff and paid by drawee bank.

Plaintiff replied. It admitted receipt and collection of defendant's check but denied the acceptance constituted a discharge of defendant's liability.

Jury trial was waived. The parties stipulated:

"IT IS STIPULATED that there was due and owing the plaintiff by defendant the sum of $86,371.38 for premiums on policies issued for the period ending September 1, 1953, less a credit as a result of an audit adjustment in the sum of $3,433.17, leaving a balance in the sum of $82,938.21, against which the defendant claimed, prior to the institution of this action, a credit in the sum of $12,500, the date such claim was first made not being agreed."

This stipulation was incorporated as a finding of fact. The court made these additional findings:

"(2) That a controversy and dispute arose and existed between the plaintiff and the defendant prior to February 27, 1954, concerning the item of $12,500 claimed by the defendant as a credit for return of premiums due the defendant; that the account was in dispute before the check dated February 27, 1954, was tendered; and it remained in dispute until the plaintiff accepted and cashed the check tendered by the defendant under date of February 27, 1954.

"(3) That under date of February 27, 1954, the defendant mailed to the plaintiff its check for the sum of $70,438.21, along with a covering letter of the same date. The said letter and check, both dated February 27th, 1954, clearly imported that the check was intended to be, and was tendered, in full settlement of the disputed account embracing the $12,500 item as specified in the letter and check. That the plaintiff promptly received the check of $70,438.21 and accompanying letter of February 27, 1954, retained the check and thereafter immediately endorsed and deposited said check to its account on March 1, 1954; that the said check was paid and the plaintiff received the proceeds of said check in the sum of $70,438.21."

Based on its findings it concluded:

"(1) The letter and check dated February 27, 1954, were intended to be, and were tendered, in full settlement of the disputed account embracing the $12,500 item as specified in the letter and check. That the acceptance by the plaintiff of defendant's check of February 27, 1954, in the amount of $70,438.21 was an acceptance of the conditions upon which it was tendered by defendant, as expressed in defendant's letter to plaintiff of February 27, 1954, and in the check and endorsement thereon, and constituted a full settlement of the disputed account embracing the $12,500 item which is the subject of this action.

"(2) That the plaintiff is barred by such acceptance and settlement from maintaining this action.

"(3) That the defendant's motion for a directed verdict in its favor on its plea in bar should be allowed."

On its findings and conclusions it adjudged plaintiff was not entitled to recover and dismissed the action at plaintiff's cost. Plaintiff excepted and appealed.

*Bryant, Lipton, Strayhorn & Bryant for plaintiff, appellant.*
*Basil M. Watkins, Charles B. Nye, and E. L. Haywood for defendant, appellee.*

RODMAN, J. When plaintiff, by its reply, challenged defendant's plea of accord and satisfaction, it did not, nor does it now, claim that it was induced to accept the check for $70,438.21 by fraud or mistake.

Section II of the answer alleged the check on its face computed the amount owing and paid in this manner:

| "As per agreed statement as of 9-1-53 between Mr. Adair and Mr. McGarry | | $86,371.38 |
|---|---|---|
| "Less deductions as per letter of 2-27-54 | 3,433.17 | |
| Less deductions as per letter of 2-27-54 | 12,500.00 | 15,933.17 |
| | | $70,438.21" |

and on the reverse carried this statement:

"In full payment and satisfaction of all amounts owing to The Fidelity & Casualty Company of New York to date of September 1, 1953, (but not including any amounts owing on policies written by The Fidelity & Casualty Company of New York and in effect between the dates of September 1, 1953 and December 31, 1953) on account of policies of insurance issued by The Fidelity & Casualty Company of New York for the account of Nello L. Teer, Individually, Nello L. Teer, Inc., Mecklenburg Construction Company, Nello L. Teer Company, a partnership, and Nello L. Teer Company, a corporation, less the sum of $12,500 for return of premiums due said companies or individual or any of them, as per letter of February 27, 1954."

Plaintiff, in its reply, says:

"Though it is admitted that defendant's check in the amount of $70,438.21 contained thereon the language as set forth in paragraph 2 of the further answer and defense it is specifically denied that said check was accepted by the plaintiff in full and complete settlement of said account, but on contrary it was known to the defendant at that time and at all times prior thereto and subsequent thereto that a dispute existed concerning an item of $12,500 and that the check in question did not constitute settlement of said item. Except as herein admitted, the allegations contained in Paragraph II of the further answer and defense are denied."

Whether denominated accord and satisfaction or compromise and settlement, the executed agreement terminating or purporting to terminate a controversy is a contract, to be interpreted and tested by established rules relating to contracts. *Dobias v. White,* 239 N.C. 409, 80 S.E. 2d 23.

Here the asserted contract is in writing. Its language (the check and accompanying letter) is plain and unambiguous. Its construction and effect are questions for the court. Neither party can obtain an interpretation and result contrary to the express language of a contract by the assertion that it does not truly express his intent.

*Barham v. Davenport,* 247 N.C. 575, 101 S.E. 2d 367; *DeBruhl v. Highway Com.,* 245 N.C. 139, 95 S.E. 2d 553; *Howland v. Stitzer,* 240 N.C. 689, 84 S.E. 2d 167; *Jones v. Realty Co.,* 226 N.C. 303, 37 S.E. 2d 906; *Coppersmith v. Ins. Co,* 222 N.C. 14, 21 S.E. 2d 838; *Brock v. Porter,* 220 N.C. 28, 16 S.E. 2d 410.

Plaintiff has not by exception challenged the third finding of fact. The intent with which plaintiff accepted the check was immaterial. The reason assigned in the answer to repel defendant's plea is not now assigned as error.

Plaintiff's version of the question for decision is stated in its brief as: "Can a sham or frivolous claim constitute the basis of a valid accord and satisfaction or compromise and settlement so as to bar an insurance company from collecting the balance due on insurance premiums from its insured?"

The reference in the question to a sham or frivolous claim has reference to the sum of $12,500 shown on the face of the check as a deduction. The question as stated assumes the asserted right to the credit is frivolous, a fact not established, and one which the court was not specifically requested to determine.

Plaintiff did request the court to find: "That there was never any dispute between the plaintiff and the defendant as to the remaining amount of $12,500. This amount was claimed by the defendant, Nello L. Teer Company, from W. P. Farthing, t/a Fidelity Insurance Agency, or Fidelity Insurance Agency of Durham, Inc., and was never in controversy between the plaintiff and the defendant in this action." The court declined to make the requested finding but to the contrary made Finding No. 2 set out above. That finding, considered in the light of all the evidence, negatives the assertion that defendant was acting in bad faith or that his claim was frivolous.

The evidence is sufficient to establish these facts: Plaintiff had been writing various types and kinds of insurance protecting defendant for many years. In the summer of 1953 defendant notified plaintiff it would cease to insure with it. Beginning in the fall of 1953 numerous conferences were held to determine the balance due as of 1 September 1953. Defendant employed an insurance accountant to check with plaintiff the correctness of the debits or premium charges. The parties finally agreed that the correct amount of the charges was $86,371.38 as stated on the check of 27 February 1954. Defendant, from the beginning, insisted he was entitled to credits. The credits claimed consisted of (a) $3,433.17 on a policy which expired in 1952, and (b) approximately $12.500 improperly collected in 1943 or 1944. Plaintiff conceded the right to deduct the $3,433.17,

but denied any obligation with respect to the asserted claim for $12,500.·

Plaintiff, in its brief, gives as the basis for this claim an overpayment on a premium paid for Mecklenburg Construction Co., on 15 October 1943, in the sum of $9,466.90 and another overpayment on 12 December 1944 in the sum of $5,009.16. These overpayments were at that time admitted by plaintiff, and its local agent in Durham was directed to reimburse the insured for these sums.

Plaintiff contends the local agent reimbursed defendant the amounts overpaid in 1943 and 1944, and thereafter its local agent and defendant entered into a contract with respect to those amounts. It offered evidence to support its contention that its local agent had paid said sums to defendant. The court excluded this evidence. The court was not called upon to determine whether in fact defendant had been reimbursed for the overpayment. All the court was required to ascertain was whether in fact a dispute existed with respect to the amount claimed to be due it when the check was given and accepted. That such dispute did exist is established by the verified reply.

Prior offers of settlement had been made. They had been rejected. Defendant's offers were all conditioned on its right to the asserted credit. Defendant's offer to pay less than the sum claimed was, when accepted, a full discharge. G.S. 1-540; *Moore v. Greene,* 237 N.C. 614, 75 S.E. 2d 649; *Lochner v. Sales Service,* 232 N.C. 70, 59 S.E. 2d 218; *Durant v. Powell,* 215 N.C. 628, 2 S.E. 2d 884; *Bradshaw v. Conger,* 202 N.C. 796, 164 S.E. 347; *Harris v. Kennedy,* 202 N.C. 487; 163 S.E. 458; *DeLoache v. DeLoache,* 189 N.C. 394, 127 S.E. 419.

Plaintiff contends the check issued and accepted cannot bar its right to collect the balance claimed to be owing because the debits to defendant's account consist of charges for insurance premiums, and the collection of a sum less than the prescribed rates is prohibited. G.S. 58-131.18 and G.S. 97-104.2.

The answer to this contention is that defendant does not challenge the rates charged. The parties are in agreement in the computation of the charges. The controversy revolves around the amount paid or credits to which defendant is entitled.

The statutes cited by plaintiff are intended to prevent rebating and an unlawful discrimination and favoritism by insurance companies. There is nothing in the record suggestive of an intent by either party to violate the cited statutes. To avoid an otherwise valid compromise on the ground that it is contrary to public policy, there must be some fact on which the asserted invalidity can rest. None here appears.

Affirmed.