JULIA MAE PARKS AND CORNEVA BASS v. VENTERS OIL COMPANY, INC.

(Filed 11 October, 1961.)

1. Contracts § 12—

    The contract of the parties must be interpreted as written, and it is only in case of doubt and uncertainty as to the meaning of the language used that judicial construction is necessary.

2. Vendor and Purchaser § 2— Provisions giving both lessor and lessee option held not contradictory, the right of the one being subordinate to that of the other.

    Lessee constructed a filling station on the land of lessors and the lease gave lessors the option to purchase the equipment at a stipulated price, then gave lessee the option to purchase the land at a stipulated price, and then provided that if lessors elected to exercise their option they should give 60 days written notice and that in that event lessee might exercise its option to buy within the 60 day period. *Held:* Lessee had the right to exercise its option at any time during the term in absence of the exercise of their option by lessors, and in the event lessors gave written notice of their intention to exercise their option, lessee had the right to exercise its option within the 60 day period, and, thus construed, the provisions giving both parties, respectively, an option, are not contradictory, and are definite and enforceable. A subsequent section of the lease providing for the sale of lessee's product in the event lessors should

exercise their option, has no bearing upon the construction of the option agreement.

APPEAL by plaintiffs from *Burgwyn, E.J.,* April Civil Term, 1961, of SAMPSON.

Plaintiffs instituted this action to recover amounts allegedly owing by defendant as rent for May, 1959, and subsequent months, on a lot in Jacksonville Township, Onslow County, North Carolina, leased by plaintiffs to defendant in February, 1957.

In compliance with the terms of the lease, defendant erected on plaintiffs' lot a gasoline service station and necessary equipment for the operation thereof at a cost to defendant "of not less than $10,-000.00." This was completed in April, 1957. The term of the lease was twenty years from said date of completion. Defendant was to pay each month, as rent, 1½ cents per gallon for gasoline sold by and through said service station. Defendant paid the rent through April, 1959.

Defendant denied it owed plaintiffs any rent. It alleged, as a further defense and cross action, that defendant, on April 27, 1959, notified plaintiffs, in accordance with the provisions of Section 4 of the lease, it was exercising its option to purchase the premises from plaintiffs as of May 1, 1959, for $10,000.00; and that, notwithstanding defendant was and is ready, able and willing to pay the purchase price of $10,000.00, plaintiffs refuse to execute and deliver a deed for said premises to defendant. Defendant prayed for specific performance.

In reply, plaintiffs alleged that, for reasons considered in the opinion, the provisions of Section 4 are void; but, if not void, defendant, under the circumstances, had and has no right to exercise the option.

By agreement, a jury trial was waived; and the hearing was limited to defendant's cross action.

In the lease, plaintiffs are designated "parties of the first part" and defendant is designated "party of the second part." Section 4 provides:

"4. The parties of the first part are given the right and option to purchase from the party of the second part the said service station and all equipment, including tanks used in connection therewith, for the actual cost thereof to the party of the second part, plus interest on the monies invested at the rate of 6% per annum from the time invested. If the party of the second part should elect to purchase the premises from the parties of the first part, and the parties of the first part hereby give and grant to said party of the second part the right and option so to do, then the party of the second part may purchase the premises from the parties of the first part for the sum of $10,000.00 in cash, the same to be conveyed by the parties of the first part by Warranty Deed,

and free from all liens and encumbrances. If the parties of the first part should elect to purchase as hereinabove provided, they shall give the party of the second part at least 60 days written notice thereof, provided, however, that upon receiving such notice the party of the second part may then, and within said 60 day period, exercise its option to buy if it so elects."

The court made and stated its findings of fact and conclusions of law. In the first five findings of fact, the court reviewed the allegations in the pleadings and quoted Section 4 and also Section 7 of the lease. The remaining findings of fact and the court's conclusions of law are as follows:

"6. On 27 April 1959 the defendant, Venters Oil Company, Inc., by registered mail, notified plaintiffs that it desired to exercise the option as of the first day of May, 1959, and set a time and place for execution and delivery of the deed conveying the lands described in the complaint and in the option to defendant.

"7. On 2 May 1959 plaintiffs, through their attorney, notified defendant that plaintiffs 'will not, so long as they desire to hold on to the right and option given them in section 4 of said lease, execute a deed to any person, firm or corporation, for said property.'

"8. That the defendant, Venters Oil Company, Inc., was ready, willing and able on 27 April 1959, and at all times thereafter, to pay the purchase price for said lands in the amount of $10,000.00, and is now ready, willing, and able to make said payment upon delivery of deed conveying said property to defendant free from all liens and encumbrances.

"9. No actual tender of the purchase price in the amount of Ten Thousand Dollars ($10,000.00) was made by the defendant to plaintiffs until 13 April 1961, when the defendant, through its attorney, tendered to plaintiffs, through their attorney, the sum of $10,000.00, which tender was refused.

"10. The defendant is now in possession of the premises described in the complaint and is selling its gasoline in the station located thereon. The defendant has paid no rents to plaintiffs since May 1, 1959, on which date it offered to exercise its option.

## "CONCLUSIONS OF LAW

"1. The plaintiffs, in the lease executed 4 February 1957, gave defendant an option to buy the property described in the lease for the sum of Ten Thousand Dollars ($10,000.00) in cash upon delivery of a warranty deed executed by plaintiffs' conveying said lands free of all liens and encumbrances.

"2. On 27 April 1959, within the option period, defendant notified plaintiffs that it exercised said option and demanded deed.

"3. On 2 May 1959 plaintiffs refused to convey, and by their refusal waived tender by defendant of the purchase price.

"4. The defendant is entitled to have plaintiffs execute and deliver their warranty deed conveying said property, free of all liens and encumbrances, upon payment of the purchase price of $10,000.00 with interest thereon from May 1, 1959."

Thereupon, the court entered judgment ordering that plaintiffs execute and deliver to defendant "a good and sufficient deed of conveyance in fee, with full warranties," upon the payment by defendant into the office of the clerk for plaintiffs' use and benefit "the sum of Ten Thousand Dollars ($10,000.00), with interest thereon from May 1, 1959."

Plaintiffs did not except to any of the court's findings of fact. They excepted to each conclusion of law and to the judgment and appealed.

*P. D. Herring and David J. Turlington, Jr., for plaintiffs, appellants.*
*Hubbard & Jones for defendant, appellee.*

BOBBITT, J. The question presented is whether defendant, under the provisions of Section 4, had the right and option, at any time during the term of the lease, to purchase the property from plaintiffs upon payment of $10,000.00 as purchase price therefor.

"Parties have the legal right to make their own contract, and if the contract is clearly expressed, it must be enforced as it is written. *Brock v. Porter,* 220 N.C. 28, 16 S.E. 2d 410. 'The contract is to be interpreted as written.' *Jones v. Realty Co.,* 226 N.C. 303, 305, 37 S.E. 2d 906, 907. The 'only office of judicial construction is to remove doubt and uncertainty.' 12 Am. Jur., Contracts, Sec. 229; *McCain v. Ins. Co.,* 190 N.C. 549, 130 S.E. 186; *Jones v. Realty Co., supra."* *Johnson, J.,* in *Barham v. Davenport,* 247 N.C. 575, 101 S.E. 2d 367.

Plaintiffs contend the provisions of Section 4 are indefinite, contradictory, disclose there was no "meeting of the minds of the parties," and are therefore void. Careful consideration of Section 4 impels the conclusion that this contention is without merit.

Section 4 consists of three interrelated sentences. True, the options granted plaintiffs and defendant, respectively, in the first and second sentences, standing alone, would be contradictory in that the exercise of one would necessarily preclude the exercise of the other. However, these sentences do not stand alone. The third sentence subordinates plaintiffs' option and gives defendant's option priority. Under its ex-

press terms, plaintiffs' option may be exercised only *if* (1) plaintiffs give written notice to defendant of their election to exercise their option, and (2) defendant then fails to exercise its option within sixty days from the receipt of such notice.

There is no limitation as to the time within which defendant is entitled to exercise the option granted to it by the second sentence of Section 4 unless and until defendant is notified in writing that plaintiffs have elected to exercise the option granted to them by the first sentence. If and when so notified, defendant's *right to exercise its option is unimpaired.* However, in such event, defendant must exercise its option within sixty days after receipt of such notice.

Plantiffs contend the third sentence of Section 4 has no significance in the present factual situation. They base this contention on the fact plaintiffs have made no attempt to exercise the option granted to them in the first sentence. The contention is without merit. If defendant's right to exercise its option is unimpaired, except as to the limitation of time for the exercise thereof, by written notice of plaintiffs' election to exercise their option, it is not impaired by plaintiffs' failure to give such notice. It seems wholly unreasonable it was intended plaintiffs could defeat defendant's right to exercise its option simply by refraining from attempting to exercise their option.

Plaintiffs contend the lease, when considered in its entirety, discloses the provisions of Section 4 are indefinite and contradictory. But the only other provision of the lease to which plaintiffs direct attention is Section 7 thereof. Section 7 provides:

> "7. If the parties of the first part should purchase the building as herein provided it is understood and agreed that Venters Oil Company, Inc. shall have, and it is hereby given, the right to sell and dispense its products upon the premises and the parties of the first part shall not lease or sell the same to any other person or party during the remainder of the term of this Lease except upon written agreement with said person or party that he will or it will sell and dispense only such products as may be agreed upon with Venters Oil Company, Inc., the party of the second part. This covenant and agreement shall be construed as one running with the land."

In our view, and we so hold, the provisions of Section 7 cast no light on the proper construction of the provisions of Section 4. Section 7 would apply if, but only if, plaintiffs had exercised their option under circumstances giving them a right to do so under Section 4 as construed herein.

The decision reached is that the court's conclusions of law are correct and that the judgment of the court below should be, and it is, in all respects affirmed.

Affirmed.