Ross v. Perry

RUTH P. ROSS v. SEBORN PERRY

No. 7118SC294

(Filed 4 August 1971)

**1. Appeal and Error § 26— assignment of error to signing of judgment**

A sole assignment of error to the signing of the judgment presents the face of the record proper for review, but review is limited to the question of whether error appears on the face of the record; such assignment of error does not present for review the findings of fact or the sufficiency of the evidence to support them.

**2. Brokers and Factors § 6— real estate agent's commission — condemnation of property by redevelopment commission**

Where agreement entered into by the lessor of hotel property and a real estate agent provided that, as compensation for the agent's services in procuring a 50-year lease of the property, the lessor would pay the agent "5% of the rent received from" the lessee, that the lessor was to send the agent a check for his 5% within five to fifteen days from the time lessor received the lessee's check, and that the lessee "will continue to do this as long as the lease is in force. No longer; and there are no other obligations on either of us, regarding this particular matter," it was *held* that the payment of the 5% commission was conditioned upon the lessor's receipt of the rent and was to continue only so long as the lease was in force; consequently, the lessor's obligation to pay the 5% commission terminated when a municipal redevelopment commission condemned and took possession of the hotel property.

**3. Brokers and Factors § 6— broker's commission — agreement between broker and principal**

While the general rule does not place upon a broker the risk of nonperformance by a party to a transaction negotiated by him, the broker and his principal may vary the rule to any extent by agreement that the payment of commissions shall be dependent upon certain conditions or contingencies; when this is done, fulfillment of the prescribed conditions is essential to the right of compensation.

Judge BROCK dissents.

APPEAL by plaintiff from *Exum, Judge,* 26 October 1970 Session, Superior Court of GUILFORD County.

Plaintiff alleged that she was the sole devisee and residual legatee under the will of her husband, William F. Ross, and had succeeded to his rights under a certain deferred compensation commission agreement; that defendant and his wife owned certain property in the City of High Point known as the old Elwood Hotel property; that plaintiff's husband William F. Ross contracted with defendants to try to find a long term

lessee for the property, the agreement being that, if he were successful, he would receive as compensation, at defendant's election, either $10,000 in cash or a commission of 5% of the total monthly rental payments, over the full term of the lease to be paid monthly; that William Ross and his partner (whose interest in the contract was acquired by Ross) did procure an acceptable 50-year lease on the property under which defendants would receive in total rental over the 50-year period the sum of $1,130,000 payable in variable monthly installments; that defendant elected to pay as commission a sum equal to 5% of the rentals under the lease over the full term of the lease; that on or about 24 February 1964, plaintiff advised defendant that the commission payments were in arrears and requested him to bring them up to date; that on or about 27 February 1964, defendant advised plaintiff that the arrangement was that he was to pay as commissions $75 per month for the first 20 years of the lease and he had no further obligation under the agreement; that on or about 20 April 1964, plaintiff furnished defendant a letter dated 20 September 1943, addressed to William F. Ross by defendant in which "defendant acknowledged the obligation of the defendant to pay to William F. Ross 5% of the monthly rentals for a period of 50 years," that thereafter defendant acknowledged the obligation to plaintiff "for the full 50 years of the lease" and continued the payments, increasing them to catch up on arrearage; defendant failed to pay the $61.84 due in December 1966 and the $104.16 due in January 1967. The property was taken by the City of High Point in a condemnation proceeding in 1966; that a final judgment had been entered in favor of defendant in the amount of $942,500. Plaintiff prayed judgment for arrearage to date of judgment and an order directing defendant to pay her $104.16 each month thereafter to and including 31 August 1993, or in the alternative that she recover of defendant the reasonable value of services to defendant by Ross plus 6% interest thereon.

Defendant answered admitting an agreement but denying that its terms were as alleged in the complaint. By further answer, the defendant averred that in deciding which method of compensation to use, he chose the 5% because as he advised Ross, the lease might be terminated after 10 or 20 years if it became necessary to tear down the portion of the property on the Southern Railway Company's right-of-way; that subsequently thereto Ross submitted a written contract to defendant which

he refused to sign but confirmed his oral agreement that he would pay Ross 5% of rents "actually received from the tenant so long as the lease remained in force," which is the only agreement ever made, defendant specifically denying any agreement to pay 5% commissions for any specific term of years; that defendant's failure to pay the $61.84 due on 10 December 1966 and $104.16 due on 10 January 1967 was inadvertent and those amounts with interest at 6% were tendered into the registry of the court; that the condemnation award was, by agreement, divided 71% to owner and 29% to lessee.

The case was heard by the court without a jury. It was stipulated that the payment of $195.47 by defendant into court for plaintiff was without prejudice; that High Point paid $947,500 as compensation for the taking by condemnation of the Elwood Hotel property; that since the taking of the property by the City on 1 February 1967, no monthly rental payments had been made to defendant by lessee or any assignee of lessee.

Plaintiff introduced evidence consisting of the testimony of defendant and exhibits which had been agreed to by pretrial stipulation. Exhibit A is a letter dated 20 September 1943 addressed to Mr. W. F. Ross and signed by Seborn Perry. It is as follows:

"Dear sir:

Having read carefully the contract you gave me concerning the commissions and rent of the Elwood Property will say that I do not care to enter into any more contract than the one we have—*i.e.*, that I am to pay you 5% of the rent received from Arthur Lea of William Street NYC, for acting as my agent in making this lease.

Your check for five percent will be sent to you within five to fifteen days from the time I receive Mr. Lea's check—and I will continue to do this as long as the lease is in force. No longer; and there are no other obligations on either of us, regarding this particular matter."

Both parties concede that this letter constitutes the agreement of the parties and that the rights and obligations of the parties are dependent upon an interpretation and construction of the contract.

At the end of the plaintiff's evidence, defendant moved for involuntary dismissal under Rule 41. This motion was denied and no exception was taken by defendant. The court found facts specially as required by Rule 52(a)(1) and entered judgment thereon in favor of defendant. Plaintiff gave notice of appeal.

*McLendon, Brim, Brooks, Pierce and Daniels by L. P. McLendon, Jr., and E. Norman Graham, for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey and Hill, by Welch Jordan and William L. Stocks, for defendant appellee.*

MORRIS, Judge.

The court made the following findings of fact:

"(1) In 1943 the defendant and his wife were the owners of certain real property in High Point, North Carolina, known as the Elwood Hotel property, which property was subject to a right of way of Southern Railway Company.

(2) In 1943 the defendant and his wife entered into a lease received in evidence as plaintiff's Exhibit A-1, with one Arthur Lee *(sic)* dated July 31, 1943, by the terms of which lease the Elwood Hotel property was leased to Arthur Lee *(sic)* for a period specified in the lease to begin on August 1, 1943 and to last until July 31, 1993.

(3) The late William F. Ross, a realtor who lived in Greensboro, North Carolina, performed certain services as a realtor in connection with the negotiation and execution of the lease between the defendant and his wife and Arthur Lee *(sic)*.

(4) Following the consummation and execution of the foregoing lease an agreement was made between the defendant and the late William F. Ross concerning the payment of commissions to William F. Ross by the defendant for the services rendered by William F. Ross in connection with the lease. The terms of the agreement which was made between the defendant and the late William F. Ross pertaining to the payment of commissions to William F. Ross are stated in a letter dated September 20, 1943, received in evidence as plaintiff's Exhibit A, from the defendant to William F. Ross, as follows:

'Having read carefully the contract you gave me concerning the commissions and rent of the Elwood Property will say that I do not care to enter into any more contract than the one we have—*i.e.*, that I am to pay you 5% of the rent received from Arthur Lea of William Street NYC, for acting as my agent in making this lease.

Your check for five percent will be sent to you within five to fifteen days from the time I receive Mr. Lea's check—and I will continue to do this as long as the lease is in force. No longer; and there are no other obligations on either of us, regarding this particular matter.'

(5) Although a dispute arose concerning the amount of certain alleged arrearages in the commissions payable prior to February 1, 1967, this dispute has been resolved and there is no conflict between the parties about the amount of any arrearages in the commissions due and payable prior to February 1, 1967. The defendant has tendered to the plaintiff and paid into the Office of the Clerk of Superior Court of Guilford County the sum of $195.47, which is the total amount of the arrearages alleged by the plaintiff to be due for the period prior to February 1, 1967.

(6) On or about June 1, 1966, the City of High Point Redevelopment Commission, a governmental agency duly authorized to condemn and redevelop property, gave notice to the defendant of the condemnation and taking of the Elwood Hotel property as of February 1, 1967, by the City of High Point Redevelopment Commission. As of February 1, 1967, the City of High Point Redevelopment Commission did in fact condemn and take possession of the Elwood Hotel property.

(7) As of February 1, 1967, the tenants under the lease dated July 31, 1943 moved out and vacated the Elwood Hotel property and thereafter the Elwood Hotel building was demolished and torn down by the City of High Point Redevelopment Commission.

(8) Since the taking of the Elwood Hotel property by the City of High Point Redevelopment Commission on February 1, 1967, no rental payments under the lease dated July 31, 1943 have been made to the defendant by Arthur Lee

*(sic)*, the lessee, or by any assignee of the rights of Arthur Lee *(sic)* under the aforesaid lease.

(9) Subsequent to the condemnation and taking of the Elwood Hotel property an award of $942,500.00 was made for the taking by condemnation of the Elwood Hotel property. A division of the aforesaid award for the condemnation and taking of the Elwood Hotel property was made on the basis of seventy-one percent (71%) to the owners and twenty-nine percent (29%) to the lessee."

Upon these findings of fact the court made the following conclusions of law:

"(1) Under the terms of the agreement between the defendant and the late William F. Ross, the defendant's obligation to pay monthly commissions was conditioned upon the receipt by the defendant of the rentals under the lease and further conditioned upon the lease dated July 31, 1943, remaining in force.

(2) The condemnation and taking of the Elwood Hotel property destroyed the defendant's right to receive rentals under the lease and after the condemnation and taking of said property the lease was no longer in force.

(3) Since the condemnation and taking of the Elwood Hotel property destroyed and terminated the defendant's right to receive rentals under said lease and the defendant has not received any rentals under the lease since February 1, 1967, and since the lease dated July 31, 1943, was no longer in force following the condemnation and taking of the Elwood Hotel property on February 1, 1967, the defendant was not required by the terms of the aforesaid agreement with William F. Ross to make any further payments of commissions after February 1, 1967, the date of the taking of the Elwood Hotel property by the City of High Point Redevelopment Commission.

(4) The award of $942,500.00 following the condemnation of the Elwood Hotel property was not a payment of rentals under the lease dated July 31, 1943, within the meaning of the aforesaid agreement between the defendant and William F. Ross, and it is speculative as to what effect the existence of the lease had upon the amount of the award which was

Ross v. Perry

made to the defendant for the condemnation and taking of the Elwood Hotel property."

[1] The record does not contain any exceptions whatsoever. The single assignment of error is as follows: "1. The action of the Court in signing and entering the Judgment in favor of the Defendant as appears of record. EXCEPTION No. 1 (R p 94)." However, page 94 of the record is barren of any exception. The judgment entered does begin on page 94. Nevertheless, this sole assignment of error to the signing of the judgment presents the face of the record proper for review, "but review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form. Plaintiff's sole assignment of error does not present for review the findings of fact or the sufficiency of the evidence to support them." *Fishing Pier v. Town of Carolina Beach*, 274 N.C. 362, 163 S.E. 2d 363 (1968). Whether G.S. § 1A-1, Rule 52(c) provides for appellate review of the sufficiency of the evidence to support the findings of fact where no exception is taken, *quaere?* The question is not before us in this case. The findings of fact incorporate and consist of exhibits, stipulations or admissions in the pleadings, and the evidence is sufficient to support the findings of fact.

[2, 3] The only question presented by this appeal is whether the facts found support the conclusions of law and judgment. We hold that they do. Defendant by letter to plaintiff's husband specifically stated the terms of the agreement between the parties. Defendant was to pay to William Ross "5% of the rent received from Arthur Lea of William Street NYC." Further clarification appears in the next paragraph. Defendant was to send Mr. Ross a check for his 5% "within five to fifteen days from the time I receive Mr. Lea's check—and I will continue to do this as long as the lease is in force. No longer; and there are no other obligations on either of us, regarding this particular matter." Plaintiff contends that the equities as between the parties entitle plaintiff to judgment; that, conceding the parties concluded the transaction, under compulsion of government authority, they later modified it by an agreement which divided between them the proceeds of a forced "sale" of the property. This contention, while novel and interesting, is without merit. The agreement, we think, was clear and unambiguous.

" 'Parties have the legal right to make their own contract, and if the contract is clearly expressed, it must be enforced as it is written. *Brock v. Porter*, 220 N.C. 28, 16 S.E. 2d 410. "The contract is to be interpreted as written." *Jones v. Realty Co.*, 226 N.C. 303, 305, 37 S.E. 2d 906, 907. The "only office of judicial construction is to remove doubt and uncertainty." 12 Am. Jur., Contracts, Sec. 229; *McCain v. Ins. Co.*, 190 N.C. 549, 130 S.E. 186; *Jones v. Realty Co., supra.' Johnson, J.*, in *Barham v. Davenport*, 247 N.C. 575, 101 S.E. 2d 367." *Parks v. Oil Co.*, 255 N.C. 498, 501, 121 S.E. 2d 850, 853 (1961).

The agreement to pay 5% commission was plainly and unequivocally conditioned upon (1) receipt by defendant of the rent and (2) was to continue only so long as the lease was in force and no longer. The lease terminated when the property was taken by the City of High Point. The general rule, of course, does not place upon the broker the risk of nonperformance by a party to the transaction negotiated by him. However, the broker and his principal may vary the rule to any extent by agreement that the payment of commissions shall be dependent upon certain conditions or contingencies. When this is done, fulfillment of the prescribed conditions is essential to the right of compensation. 12 Am. Jur. 2d, Brokers § 195, p. 937.

We are of the opinion that the facts found by the court support the judgment.

Affirmed.

Judge HEDRICK concurs.

Judge BROCK dissents.